688

**EDNER v. MASSACHUSETTS MUT. LIFE INS. CO. (MATHEWS, Third-Party Defendant).**

**Civil Action No. 2200.**

District Court, W. D. Pennsylvania.

March 13, 1945.

See, also, 58 F.Supp. 486.

Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., and L. D. McCall, of DuBois, Pa., for plaintiff.

Smith, Buchanan & Ingersoll, Emery R. Kyle, and Wm. H. Eckert, all of Pittsburgh, Pa., for defendant.

P. K. Motheral and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for third-party defendant.

SCHOONMAKER, District Judge.

■ This is an interpleader case in which the Insurance Company undertook to relieve itself of a responsibility by paying into court the sum of $18,972.50, the cash surrender value of certain life insurance policies on the life of Lum, the bankrupt, when the full face value of the policies was $45,000. This court allowed the deposit to be made. The case was then appealed to the Circuit Court of Appeals of this Circuit; and that Court, holding that was not sufficient compliance with the Act, reversed the order of this Court allowing the deposit. See 138 F.2d 327. The Insurance Company then gave bond in compliance with the Interpleader Act, 28 U.S.C.A. § 41(26), and is now asking for the allowance of its costs in this case, as well as the premium which it paid on the bond it gave; i. e., $34.27, and the allowance of a reasonable attorneys' fee, which would include the services of its attorneys on the appeal to the Circuit Court of Appeals. The Insurance Company further asks that the allowance fixed constitute a lien on the policies of insurance. There is no fund now in Court, out of which we could order the payment of attorneys' fees and costs. But we are of the opinion that the Insurance Company is entitled to lien on the insurance policies for such costs and attorneys' fees as we may allow. See Stitzel-Weller Distillery v. Norman, D.C., 39 F. Supp. 182, 183.

■ We ordinarily allow an attorney fee of $150 in the insurance interpleader cases, and the costs. In this case, however, the Insurance Company is asking an allowance for fees of attorneys on the appeal to the Circuit Court of Appeals. We are of the opinion that it is not entitled to that, nor for the premium it paid on the bond. We accordingly fix the attorney-fee allowance at $150, and add to that the costs of plaintiff, including the service of process on the third-party defendant. An order is accordingly filed herewith.