### MASSACHUSETTS MUT. LIFE INS. CO. v. EDNER et al.

Civ. No. 6455.

District Court, W. D. Pennsylvania.

Sept. 23, 1947.

Alexander Black, Jr., of Pittsburgh, Pa., for plaintiff.

Ralph H. German, of Pittsburgh, Pa., for defendant Merritt I. Edner.

Edward N. Mills, of Buffalo, N. Y., for defendant Jennie R. Mathews.

McVICAR, District Judge.

This is an action of interpleader by the Massachusetts Mutual Life Insurance Company, against Merritt I. Edner, Trustee in Bankruptcy of George H. Lum, a Bankrupt, and Jennie R. Mathews, individually and as executrix of the estate of George B. Mathews, defendants. After hearing, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. This is an action of interpleader, jurisdiction of which is based on the Act of January 20, 1936, Chapter 13, Section 1, 28 U.S.C.A. § 41, Subdivision 26. The plaintiff is and was at all times hereinafter mentioned a life insurance corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and having its principal place of business in the City of Springfield, Massachusetts. The defendant, Merritt I. Edner, a citizen and resident of the City of DuBois in the Western District of Pennsylvania, is trustee in bankruptcy of George H. Lum, a bankrupt, having been duly appointed and qualified in proceedings before the District Court of the United States for the Western District of Pennsylvania at No. 209-47 in Bankruptcy. The defendant, Jennie R. Mathews, is a citizen and resident of the City of Buffalo, Erie County, in the State of New York. She is the widow and executrix of the estate of George B. Mathews, deceased, having been duly appointed as such by the Surrogate's Court of said Erie County. The plaintiff had in its possession when the complaint was filed money of the value of more than $500, to which the defendants had asserted claims.

2. In December, 1917, the plaintiff executed and delivered its policy of life insurance No. 418,615 upon the life of George H. Lum in the amount of $7,000, in which the insured's wife was designated as beneficiary under one of the option settlements. On or about February 6, 1934, the insured changed the beneficiary to the insured's executors, administrators and assigns, and the said change of beneficiary was duly endorsed on the policy. The said policy is not in the plaintiff's possession.

3. In November 1918, the plaintiff executed and delivered its policy of life insurance No. 434,475 upon the life of George H. Lum in the amount of $5,500, in which the insured's wife was designated as beneficiary under one of the option settlements. On or about February 6, 1934, the insured changed the beneficiary to the insured's executors, administrators and assigns, and the said change of beneficiary was duly endorsed on the policy. The said policy is not in the plaintiff's possession.

4. In January, 1928, the plaintiff executed and delivered its policy of life insurance No. 825,410 upon the life of George H. Lum in the amount of $30,000, in which the insured's wife and others were designated as beneficiaries under one of the option settlements. On or about February 6, 1934, the insured changed the beneficiary to the insured's executors, administrators and assigns, and the said change of beneficiary was duly endorsed on the policy. The said policy is not in the plaintiff's possession.

5. On or about February 7, 1934, the said George H. Lum executed assignments of the said policies in the forms attached to the complaint and marked Exhibits 4, 5, and 6. The said assignments were received and recorded by the plaintiff on or about February 16, 1934. On or about January 15, 1941, the attorneys for George B. Mathews notified the plaintiff that the said George B. Mathews claimed to be the sole owner of the said three policies of insurance by reason of the agreement dated February 2, 1934, between the said George B. Mathews and George H. Lum.

6. On or about November 25, 1946, the defendant, Jennie R. Mathews, as executrix

of the will of George B. Mathews, deceased, collateral assignee of said policies, as more fully explained in finding 5, executed assignments of the said policies to herself individually in the forms attached to the complaint and marked Exhibits 7, 8 and 9. The said assignments were received and recorded by the plaintiff on or about November 29, 1946.

7. The insured in said policies, George H. Lum, died on January 4, 1947, a citizen and resident of the Western District of Pennsylvania. On or about January 30, 1947, the plaintiff received proofs of death of said George H. Lum from the defendant, Merritt I. Edner, trustee in bankruptcy as aforesaid, a true and correct copy of which proofs of death is attached to the complaint as Exhibit 10. On or about February 14, 1947, the plaintiff received proofs of death of said George H. Lum from the defendant Jennie R. Mathews, a true and correct copy of which proofs of death is attached to the complaint as Exhibit II. Under date of January 7, 1947, the defendant Merritt I. Edner, trustee in bankruptcy as aforesaid, wrote to the plaintiff claiming the proceeds of said policies, and under date of February 11, 1947, Messrs. Albrecht, Maguire & Mills, attorneys for the defendant, Jennie R. Mathews, wrote to the plaintiff claiming the proceeds of said policies. True and correct copies of said letters are attached to the complaint as Exhibits 12 and 13.

8. The amount payable under policy No. 418,615 is $7,052.08, under policy No. 434,475, $5,541.75, and under policy No. 825,410, $30,269.70, or a total of $42,863.53, which amount is subject to a lien in the amount of $184.27 imposed on the proceeds of said policies by order of this Court dated March 13, 1945, in litigation between the parties hereto in this Court at Civil Action No. 2200, leaving the amount due under said policies at $42,679.26. This amount the plaintiff has been, ever since the receipt of proofs of death, as above set forth, ready, willing and able to pay.

9. The amount payable under said policies is being claimed by the defendant Merritt I. Edner, trustee in bankruptcy as aforesaid, and the defendant Jennie R. Mathews, either individually or as executrix of the estate of George B. Mathews, deceased. The plaintiff disclaims any interest in the said balance of $42,679.26, except to make payment to the person lawfully entitled thereto and is desirous of paying the amount due on said policies of insurance.

10. The plaintiff has paid into the registry of this Court the said sum of $42,679.26, the amount due on the said policies of insurance, to abide the judgment of the Court.

11. The plaintiff has expended as costs in this proceeding the sum of $26.74 and has become and is liable to pay to its solicitors of record herein reasonable compensation for their services in connection with this proceeding. The sum of $300 is reasonable compensation for those services.

12. The plaintiff has a reasonable doubt as to which defendant is entitled to the proceeds of said policies of insurance and is in danger of being harassed and damaged by the costs of litigation and risk of liability in two actions for a single debt.

13. On or about January 3, 1942, Merritt I. Edner, trustee in bankruptcy of George H. Lum, brought a civil action against George B. Mathews, No. 1769, in this Court. On or about August 4, 1942, he brought a second civil action in this Court, No. 2200, against Massachusetts Mutual Life Insurance Company and Jennie R. Mathews. These actions involved the aforesaid insurance policies. They were tried by Judge Schoonmaker of this Court who filed Findings of Fact and Conclusions of Law. From the judgment entered, D.C., 58 F.Supp. 486, an appeal was taken to the Circuit Court of Appeals for the Third Circuit which Court affirmed the judgment of this Court. 151 F.2d 335. In this action there is an issue between the defendants as to what the issues were and as to what was decided in the aforesaid actions, and as to how far, if any, the parties are concluded by the aforesaid judgment.

## Conclusions of Law

1. This Court has jurisdiction of this case under Section 24 (26) of the Judicial Code, 28 U.S.C.A. § 41 (26).

2. The plaintiff, having paid into the registry of this Court the amount due under the policies in suit, is entitled to be discharged from liability on said policies and to have said policies surrendered to it for cancellation.

3. The defendants should be permanently enjoined from bringing any suits or actions on said policies against the plaintiff.·

4. The defendants should be required to interplead their respective claims to the proceeds of said policies.

5. The plaintiff is entitled to have refunded to it by the Clerk its cash deposit in the amount of $1,000 paid by it into the registry of the Court as security on the issuance of the temporary restraining order in this case.

6. The plaintiff is entitled to have paid to it by the Clerk out of the fund heretofore paid by it into the registry of the Court as the amount due under the policies in suit its costs in the amount of $26.74 and a fee for its attorneys in the sum of $300.

### Opinion

 The Interpleader Act, 28 U.S.C.A. § 41 (26) confers jurisdiction on this Court of bills of Interpleader filed by any person having in his custody or possession, money or property of the value of $500, or policy or policies of insurance of the same values, if two or more adverse claimants, citizens of different states, claim to be entitled to such money or property, and the claimant has deposited such money or property into the registry of the Court to abide the judgment of the Court. Such action may be brought in the District Court of the district in which one or more of such claimants resides. The Act provides that the Court shall hear and determine the cause and shall discharge the claimant from further liability.

The plaintiff, the Massachusetts Mutual Life Insurance Company, is a corporation of the State of Massachusetts and has its principal office therein. It has in its hands insurance policies or the proceeds thereof, which have a value of $500 or more. The two adverse claimants, the defendants in this action, are citizens of different states. The proceeds of the insurance policies involved have been paid into the registry of this Court to abide the judgment of the Court. The two defendants claim to be entitled to the monies paid into the Court. The right to an interpleader, under the aforesaid Act is not dependent upon the good faith of both claimants or the strength of their claims. See Hunter v. Federal Life Ins. Co., 8 Cir., 1940, 111 F.2d 551; National Fire Ins. Co. v. Sanders, 5 Cir., 1930, 38 F.2d 212; Massachusetts Mutual Life Ins. Co. v. Weinress, D.C.N.D.Ill., 1942, 47 F.Supp. 626; Harris v. Travelers Ins. Co., D.C.E.D. Pa., 1941, 40 F.Supp. 154, Bard, D.J.; Metropolitan Life Ins. Co. v. Segaritis, D.C. E.D.Pa., 1937, 20 F.Supp. 739, Maris, D. J.

This case, under the facts being clearly within the Federal Interpleader Act, the plaintiff, the Massachusetts Mutual Life Insurance Company, is entitled to a judgment discharging it from all liability on account of the policies involved in this case; to an injunction prohibiting the defendants from instituting any action against the plaintiff; to an order that the defendants interplead; to a return of the money heretofore paid by plaintiff into the registry of the Court as security for damages and to recover its reasonable costs including attorneys fees.