SHREPIC et al.

v.

METROPOLITAN LIFE INS. CO.

Civ. No. 10031.

United States District Court,
W. D. Pennsylvania.

April 13, 1954.

Ernest G. Nassar and Charles F. McKenna, Pittsburgh, Pa., for plaintiffs.

Robert A. Jarvis (of Beck, McGinnis & Jarvis), Pittsburgh, Pa., for additional plaintiff, Stella Janeski.

D. C. Jennings and Thomas Lewis Jones, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The problem posed in this matter may be stated as follows: In a diversity action brought by a beneficiary in a life insurance policy, where the defendant insurance company files an "Answer By Way of Interpleader" alleging that the proceeds of the policy have been claimed by another, and obtains orders for paying the proceeds into court and for discharging the defendant, is the defendant company entitled to an allowance for counsel fees out of the fund?

All the parties involved agree that the law of Pennsylvania is applicable. This accord no doubt stems from the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, since jurisdiction is based upon diversity of citizenship between the plaintiff and the defendant insurance company. Section 1332, Title 28 U.S.C.A. It may be observed that in Illinois the district courts hold that state law applies. See Danville Building Ass'n v. Gates, D.C. E.D.Ill.1946, 66 F.Supp. 706; Illinois Bankers Life Assur. Co. v. Blood, D.C. N.D.Ill.E.D.1947, 69 F.Supp. 705; cf. Continental Trust Co. v. Corbin, D.C. Sup.1924, 80 F.Supp. 394. But see Palomas Land & Cattle Co. v. Baldwin, 9 Cir., 1951, 189 F.2d 936, which holds that federal law is applicable in interpleader proceedings brought under the Federal Interpleader Act, section 1335, Title 28 U.S.C.A., which Act broadens ordinary interpleader jurisdiction. Cf. Globe Indem. Co. v. Puget Sound Co., 2 Cir., 1946, 154 F.2d 249.

But in the instant case, it is unnecessary to decide whether state law or federal law applies, since the result would be the same in either event.

In the federal courts it seems established that the plaintiff in interpleader is entitled to reasonable costs and attorneys' fees. Massachusetts Mut. Life Ins. Co. v. Morris, 9 Cir., 1932, 61 F.2d 104; Hunter v. Federal Life Ins. Co., 8 Cir., 1940, 111 F.2d 551, and the cases cited therein; and see cases cited in 143 A.L.R. at page 823. In this district counsel fees have been customarily allowed to the interpleader without contest. See Massachusetts Mut. Life Ins. Co. v. Edner, D.C.W.D.Pa.1947, 73 F. Supp. 300; Edner v. Massachusetts Mut. Life Ins. Co., D.C.W.D.Pa.1945, 59 F. Supp. 688.

With regard to the state law, the contentions of both claimants are:

(1) At least since the Pennsylvania Interpleader Act of 1836, P.L. 76, § 4, 12 Pa.P.S. § 581, insurance companies paying funds into court and interpleading claimants thereto were not entitled to an allowance for attorneys' fees out of the proceeds.

(2) The Act of 1943, May 21, P.L. 471, § 1, 12 Pa.P.S. § 583,[1] did not

---

1. "§ 583. *Costs and counsel fees allowed stakeholder out of funds paid into court*

   "Whenever hereafter any person, partnership or corporation having in possession sion money which is claimed by two or more persons or corporations, shall come into any court of record in this Commonwealth, either at law or in equity, and disclaim all interest in the funds, pro-

change the existing law because insurance companies are not stakeholders under the common law interpretation of that term.

(3) Even if insurance companies are stakeholders, the Act of 1943 does not apply because the defendant here did not initiate the interpleader action as plaintiff.

(4) It is against public policy to reduce the proceeds of a group life insurance certificate by way of judicial directive.

It seems certain that the Pennsylvania decisions prior to 1943 were opposed to payment of insurance company attorneys' fees out of the fund paid into court in interpleader proceedings. See Maxwell v. Philadelphia Fire Dept. R. Ass'n, 1940, 138 Pa.Super. 356, 10 A.2d 857; Metropolitan Life Ins. Co. v. Doty, 1940, 140 Pa.Super. 581, 14 A.2d 878; McFadden v. Equitable Life Assur. Soc. of the U. S., 1945, 351 Pa. 570, 41 A.2d 624. But by the Act of 1943, in our opinion, the Legislature changed the law; by the terms of the Act the courts are now required to allow stakeholders their costs and reasonable counsel fees to be taxed as costs of the proceeding.

■■ Further, we think, the Act is broad enough to include life insurance companies who disclaim all interest in the proceeds of a policy and procure interpleader between rival claimants. In Metropolitan Life Ins. Co. v. Doty, supra, 140 Pa.Super. at page 585, 14 A.2d at page 880, cited by claimants, in which allowance of insurance company attorneys' fees is denied, it is said: "It [the term 'stakeholder'] has been broadened to mean, a person who holds money or property which is claimed by rival claimants, but in which he himself has no interest." See also Black's Law Dictionary, Third Ed., page 1650, under "stakeholder"; Vol. 81 C.J.S., Stakeholder, p. 845; 48 C.J.S., Interpleader, § 16 (a), p. 55. The broader definition of the term prevails in the federal courts which, as stated, make allowances to insurance companies' counsel under the Federal Interpleader Act and under ordinary interpleader. Vol. 10, Cyclopedia Fed.Proc., 3d Ed., § 38.08; Mutual Life Ins. Co. of New York v. Bondurant, 6 Cir., 1928, 27 F.2d 464, 465; Hunter v. Federal Life Ins. Co., 111 F.2d 551, supra.

■ The fact that the defendant company in a situation like the present did not bring the interpleader action initially, but only after suit was entered against it by one of the claimants, does not seem to be a differentiating factor insofar as it affects its right to counsel fees. The Pennsylvania Interpleader Act, 12 Pa.P.S. § 581, supra, to which the Act of 1943 is an adjunct, as well as Rule 22,[2] Fed.Rules Civ.Proc., 28 U.S.C.A., plainly contemplate an interpleader initiated by a defendant.[3]

As to the allowance being against public policy, the convincing argument of counsel for plaintiff, exemplified in the above cited opinions of the Pennsylvania Superior Court, is persuasive that attorneys' fees were not allowed to insurance

---

cure an interpleader between the rival claimants to determine the true ownership of the funds, and pay the said funds into court, or as the court may direct, the court shall allow to the stakeholder out of the funds paid into court, its costs and such reasonable counsel fee as the court may determine to be proper, to be taxed as costs of the proceeding."

2. Although the defendant company did not follow the provisions of Rule 22 and "obtain such interpleader by way of cross-claim or counterclaim" it in substance did so and in such situations courts will judge of the substance rather than the form. Kerrigan's Estate v. Joseph E. Seagram & Sons, 3 Cir., 1952, 199 F.2d 694.

3. The actions in Massachusetts Mutual Life Ins. Co. v. Morris, 61 F.2d 104, supra, and in First Nat. Bank of Gibsland, La. v. Baker, D.C.W.D.La.1936, 16 F. Supp. 869, were started by claimants before the interpleader was begun by the insurance companies.

companies under Pennsylvania law, prior to 1943; but we conclude that the Act of 1943 clearly indicates the intent of the Legislature to change that policy and, as in federal interpleader cases, to require the claimants of the fund to contribute to the costs of the insurance company. Of course, the losing claimant, theoretically at least, would ultimately bear the costs of the interpleader, including the allowance for attorneys' fees; Globe Indem. Co. v. Puget Sound Co., supra.

 The insurance company requests $250 for counsel fees. The fund is $3,-500. The company did not initiate the suit; it filed an answer requesting leave to pay the money into court and for a discharge; its counsel prepared the short formal decrees necessary to implement the requests contained in the answer. From the pleadings the problem appears simple because the existence of the adverse claims and the names of both claimants were disclosed in the complaint filed by the plaintiff, and no extensive research or extraordinary services in that respect were required of defendant company or its counsel. No time was required in directing service of process. No complicated questions of law or fact are apparent. The interpleader was not resisted and counsel was not required to attend a trial. It does not appear that the attorney for the insurance company rendered any legal services connected with this case until after suit was filed against the company. We are of the opinion that a proper allowance for counsel fees in the special circumstances here present should be fixed at $100.

No inference should be taken, however, that counsel is not entitled to the full amount he claims, taking into account the totality of the value of legal services rendered. But regard for the insurance company's right to costs must be balanced against the true beneficiary's right to the full amount of the policy, bearing in mind that costs are usually difficult to recover from the losing claimant. We think any deficiency in the counsel fee awarded should be paid by the insurance company which receives substantial benefits from the use of this equitable procedure. Cf. Hunter v. Federal Life Ins. Co., supra.

An appropriate order will be entered.