**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Charles O. BURRESS and Margaret A. Burress, also known as Margaret A. Burress Long, also known as Margaret A. Long, Defendants.**

No. 1306/59.

United States District Court
S. D. California,
Central Division.

Feb. 5, 1960.

Adams, Duque & Hazeltine, Los Angeles, Cal., for plaintiff.

Brandon & Marnell, Huntington Park, Cal., for defendant Margaret A. Burress Long.

WESTOVER, District Judge.

Plaintiff herein commenced an action against the above named defendants in interpleader, alleging that on or about January 29, 1952 plaintiff issued to Jack A. Burress its policy of insurance No. 32 012 770 in the face amount of $1,000, insuring the life of Jack A. Burress; that said policy of insurance when issued was delivered and designated, and presently designates, as beneficiary "Margaret A. Burress, wife of

the insured, if living, otherwise the children, if any, of the insured, living at the death of the insured, in equal shares or the survivor."

Plaintiff's complaint further alleges that Jack A. Burress died on or about April 14, 1959 and there is now due and owing on the policy the sum of $868.85, which is the face amount of the policy less an outstanding loan and interest thereon.

Plaintiff further alleges that defendant Margaret A. Burress claims to be entitled to the proceeds of said policy of insurance by reason of being designated beneficiary thereof and that defendant Charles O. Burress claims to be entitled to the proceeds of the policy "for reasons presently unknown to plaintiff."

Plaintiff prays that summons be issued and served upon said defendants; that they be restrained from bringing, maintaining or prosecuting any suit, action or proceeding against the plaintiff; that defendants and each of them be ordered to interplead and settle as between themselves their respective rights or claims to the proceeds of the policy of insurance, and that upon payment to the court of the amount due, a decree be entered, decreeing and adjudging that the policy of insurance be fully paid and that plaintiff be discharged from any liability thereon. The prayer further asks that an order to show cause be issued, requiring defendants to show cause why plaintiff should not be dismissed with costs, including reasonable attorney fees, to be paid out of the interpleaded funds.

A preliminary injunction as requested was granted by the court; the money was delivered into and deposited with the court, and summons was issued and served upon the respective defendants. Defendant Margaret A. Burress, also known as Margaret A. Burress Long, filed an answer to the complaint in interpleader, alleging she was the wife of deceased insured; that all premiums of the policy were paid during the community between decedent and the answering defendant; that the original

policy of insurance issued by plaintiff was in the hands of defendant Charles O. Burress who, without any right, appropriated and took possession of the policy, and that Charles O. Burress had never made any formal or legal claim against the plaintiff. The answering defendant opposed the injunction requested by plaintiff and the awarding to plaintiff of any fees or costs to be paid out of the balance due on the policy.

Defendant Charles O. Burress failed to answer the complaint served upon him and as a result default has been entered against him.

The issue now before the Court is whether there should be allowed to plaintiff herein reasonable attorney fees and costs out of the sum of $868.85 deposited in court by plaintiff.

Plaintiff alleges it has been called upon to expend and has expended sums of money for the purpose of investigating the facts arising out of the conflicting claims made by defendants upon it, and that it has been called upon to retain the services of attorneys for the purpose of protecting its interest arising out of the conflicting claims, and that all such sums should be a legal charge upon the proceeds due upon the policy of insurance.

At the time the motion for attorney fees and costs was called by the Court for hearing, counsel presented and filed for the Court's approval a stipulation for recovery by plaintiff of its costs of $30.-50, together with attorney fees in the sum of $100.

There is nothing in the provisions of the Act of Congress commonly known as the Fourth Federal Interpleader Act of January 20, 1936, 49 Stat. 1096, as revised by the Act of Congress of 1948, 28 United States Code § 1335, to indicate that plaintiff is entitled to reasonable attorney fees in an action such as this.

"An interpleader proceeding is solely for the benefit of the debtor or the person who has contracted to pay the money and not for the ad-

vantage of the rival claimants
\* \* \* "

48 C.J.S. Interpleader § 2, p. 39.

"It has been judicially observed several times that the authorities are not in entire accord on the question of the allowance of attorney's fees in interpleader proceedings. According to many authorities, complainant or the party seeking relief by interpleader is entitled to an attorney's fee commensurate with the services of his counsel in the cause, whereas in some jurisdictions, sometimes by virtue of the terms of the statutes, it has been held that attorney's fees ordinarily cannot be allowed to complainant in an interpleader action.

"In the absence of statute, the allowance of attorney's fees to complainant, even where permissible, is not a matter of right, but rests in the sound discretion of the court."

48 C.J.S. Interpleader § 50, p. 105.

California formerly followed the rule that attorney's fees were not allowed to a complainant in an interpleader action. If this action had been filed in the California courts under the former statute, plaintiff would not have been able to recover attorney fees as part of its costs. California Code of Civil Procedure § 1021. Bank of China v. Wells Fargo Bank & Union Trust Co., 9 Cir., 209 F. 2d 467, 48 A.L.R.2d 172. In 1955 the statute was amended, so that at the present time it reads in part as follows:

"§ 386.6 [Code of Civil Procedure] Costs and attorney fees

"A party to an action who follows the procedure set forth in Section 386 [Interpleader] or 386.5 [Stakeholder] may insert in his motion, petition, complaint, or cross complaint a request for allowance of his costs and reasonable attorney fees incurred in such action. In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in

dispute which has been deposited with the court. \* \* \* "

The allowance of costs, including attorney fees, is within the discretion of the Court. The stipulation of counsel heretofore mentioned is not binding upon the Court. It appears under the facts of the case at bar that the award to plaintiff of attorney fees and costs would be most inequitable.

It is the order of this Court that the claim of plaintiff for costs and attorney fees be denied.