**FIDELITY AND CASUALTY COMPANY OF NEW YORK, Plaintiff,**

v.

**Frank LEVIC, Sr., Mrs. Tony Colarusso, Ronald Levic, Wanda Levic and Sandy Levic, Defendants.**

**Civ. A. No. 62–947.**

United States District Court
W. D. Pennsylvania.

Oct. 4, 1963.

Weis & Weis, Pittsburgh, Pa., for plaintiff.

Robert M. Stefanon, Herminie, Pa., for Frank Levic, Sr.

James Reeves Kelley, Greensburg, Pa., for Ronald Levic, Wanda Levic and Sandy Levic.

Lisle A. Zehner, of Smith & Zehner, Pittsburgh, Pa., for Mrs. Tony Colarusso.

MARSH, District Judge.

On July 25, 1962, plaintiff insurance company brought this interpleader action in the United States District Court for the Southern District of California, Central Division, pursuant to § 1335, Title 28 U.S.C., and deposited $7,500.00 into the Registry of that Court. An injunction was issued restraining suits against plaintiff, but no order was entered discharging it from liability. Subsequently, the action and the fund were transferred to the Western District of Pennsylvania pursuant to § 1404(a), Title 28 U.S.C. In this court the insurance company filed a petition for costs, attorneys' fees, and an order discharging it from liability.

It appears from the complaint that on or about March 1, 1962, plaintiff issued in New York to Frank Levic, Jr. a policy of life insurance wherein it promised to pay to one Frank Levic, as beneficiary, the sum of $7,500.00 upon the death of Frank Levic, Jr. Thereafter, on March 1, 1962, Frank Levic, Jr. died in an airplane crash.

Plaintiff named as claimants of the proceeds Frank Levic, Sr. and Mrs. Tony Colarusso, the parents of the deceased. It also averred that Ronald Levic, a half-brother, Wanda Levic, a half-sister, and Sandy Levic, a step-sister, of the deceased, "shall interpose a claim as heirs-at-law upon the proceeds of the aforementioned policy." It is not disclosed on what basis, theory, or under what state statute these persons, as of the time of filing of the complaint, could possibly be expected to interpose a claim as heirs at law and we know of none. Apparently no claim was made by these persons prior to the filing of the complaint.[1]

It appears from the petition that California counsel advanced as costs the sum of $56.50, and that plaintiff's attorneys' fees amount to $540.00. Invoices attached show that California counsel charged the sum of $350.00, and Pennsylvania counsel charged the sum of $190.00.

The defendants, Frank Levic, Sr., Sandy Levic, and Frank Levic, Sr., as parent and natural guardian of Ronald Levic and Wanda Levic, filed an affidavit in opposition to the plaintiff's petition for counsel fees.

In their brief the defendants, Frank Levic, Sr., Ronald Levic, Wanda Levic and Sandy Levic, contend that the plaintiff insurance company abused its discretion by bringing the interpleader action in California where only one of the claimants resided, whereas the remaining four resided in Pennsylvania. They contend that by this abuse plaintiff has forfeited its right to costs and counsel fees.

---

1. The defendants, Ronald Levic, Wanda Levic, and Sandy Levic (Mrs. Sandra Maughan), by their attorney, in their answer filed, deny that they are heirs at law or that they are making any claim to the proceeds of the policy of insurance. They have since requested that they be dismissed as claimants, which request has been granted.

In our opinion defendants' contention is without merit. The interpleader statute, § 1397, Title 28 U.S.C., gives plaintiff the right to bring the interpleader action in the judicial district in which one or more of the claimants reside.

It does not appear why plaintiff delayed nearly five months after the insured's death in bringing the interpleader action, but defendants make no complaint in this respect.

In the circumstances disclosed we think plaintiff is entitled to costs and reasonable counsel fees.[2]

However, defendants also contend that even if plaintiff is so entitled, that the claimed fees in their total amount should not be charged against the fund. We agree.

There is no objection to the amount of the cost advanced in the sum of $56.50, and they will be allowed.

Plaintiff's California counsel charged $125.00 for presenting a petition to transfer the action to Pennsylvania. This petition was not contested. Indeed, the claimant Levic attempted to do the same thing, but his efforts were unsuccessful because of his counsel's unfamiliarity with the local rules of the California Court. Since the transfer was for the benefit of all the claimants, we think this item should be paid out of the fund.

The remainder of the claimed fees, i. e., $415.00, represents charges for the ordinary interpleader proceedings. Except for a short jurisdictional hearing held in this court—at which plaintiff's Pittsburgh counsel was in attendance but took no part—there were no complications, opposition, or resistance to the petition for interpleader. Over and above preparing and presenting the customary petitions to the court, the only extraordinary features were correspondence between Pennsylvania and California counsel and the jurisdictional hearing. On the other hand, the insurance company will be relieved of vexation and the expense of resisting a multiplicity of lawsuits in widely separated jurisdictions, will avoid erroneous election, and will be discharged from all liability on account of the policy involved.

As stated in Shrepic v. Metropolitan Life Ins. Co., 120 F.Supp. 650, 653 (W.D. Pa.1954):

> "No inference should be taken, however, that counsel is not entitled to the full amount he claims, taking into account the totality of the value of legal services rendered. But regard for the insurance company's right to costs must be balanced against the true beneficiary's right to the full amount of the policy, bearing in mind that costs are usually difficult to recover from the losing claimant. We think any deficiency in the counsel fee awarded should be paid by the insurance company which receives substantial benefits from the use of this equitable procedure."

See: Hunter v. Federal Life Ins. Co., 111 F.2d 551 (8th Cir. 1940); John Hancock Mutual Life Insurance Co. v. Doran, 138 F.Supp. 47, 50 f. n. 2 (S.D.N.Y.1956); Massachusetts Mut. Life Ins. Co. v. Edner, 73 F.Supp. 300 (W.D.Pa.1947), in which three policies were involved; Edner v. Massachusetts Mut. Life Ins. Co., 59 F.Supp. 688 (W.D.Pa.1945).

In the circumstances, it is our opinion that a fair and reasonable sum to be paid out of the fund for the services rendered in prosecuting the uncontested interpleader proceedings is $150.00.

An appropriate order will be entered.

---

2. Costs and reasonable counsel fees are permitted to be taxed as costs of the proceedings and the insurance company is entitled to an allowance for its counsel fees and costs out of the fund paid into court. Shrepic v. Metropolitan Life Ins. Co., 120 F.Supp. 650 (W.D.Pa.1954). The same is true in New York, the place of the contract; see Metropolitan Life Insurance Company v. Brody, et al., 35 Misc.2d 384, 228 N.Y.S.2d 312 (1962); and likewise in California, the place where the proceeds of the policy may have been payable; see California Code of Civil Procedure, § 386.6.