The NATIONAL LIFE AND ACCIDENT
INSURANCE COMPANY, Plaintiff,

v.

Gary P. BRUCE et al., Defendants.

The METROPOLITAN LIFE INSUR-
ANCE COMPANY, Plaintiff,

v.

Gary P. BRUCE et al., Defendants.

Nos. 18057-1, 17935-1.

United States District Court,
W. D. Missouri, W. D.

March 11, 1970.

James H. McLarney, Swanson, Midg-
ley, Jones, Eager & Gangwere, Kansas
City, Mo., for plaintiff Metropolitan
Life Insurance Co.

Terrell, Van Osdol & Magruder, Kan-
sas City, Mo., for plaintiff National Life
and Accident Insurance Co.

Elmer C. Jackson, Jr., Kansas City,
Kan., S. L. Willens, Tucker, Charno,
Willens, Jouras & Tucker, Kansas City,
Mo., for defendant Gary P. Bruce.

Harold Holliday, Sr., Kansas City,
Mo., for defendants Tracy A. Watson
and Tyrona Mitchell.

## MEMORANDUM

JOHN W. OLIVER, District Judge.

We believe counsel for the interplead-
ing plaintiff insurance companies are
entitled to know the principles we be-
lieve are applicable to the exercise of
this Court's discretion in awarding, as
costs, attorneys' fees to counsel for the
interpleading insurance companies.
Counsel for Metropolitan Life, in an ac-
tion involving a $20,000 policy, pray for
attorneys' fees of $750 and its costs.
Counsel in that case appropriately cite
in support of that request Moore's Fed-
eral Practice, Volume 3A, ¶ 22.16,
pages 3144–3162. The affidavit of Mr.
McLarney establishes that counsel make
no claim for services rendered their cli-
ent in connection with any matter other
than the interpleader action.

Counsel for the National Life and Ac-
cident Insurance Company, on the other
hand, in a case involving a $4,000 policy,
would seek a total fee of $1,580, to be
divided between Terrell, Van Osdol &
Magruder ($655) and S. M. Turbovich,
of the Kansas City, Kansas Bar ($925).
The exhibits attached in support of that
request establish that compensation is
claimed for services rendered in addition
to those necessarily incident to the in-
terpleader action.

National's counsel contend that "it is
difficult to draw a line between the

services relating directly to the interpleader and to services relating to the case in the Kansas court." They concede, as they must, that the amount of attorneys' fees requested is "not nominal." It is obvious that their request is bottomed on the notion that they are entitled to recover for all the time and services expended by all attorneys in connection not only with the interpleader action but also in preparing to defend the case filed in Kansas. They also contend, at least by implication, that there was something complex about this routine interpleader action and that they rendered a service not only to their own clients but to the defendants and to the Court because the case was promptly settled after a conference with the Court, thus having occupied "very little of the Court's time."

■ In Equitable Life Assurance Society of United States v. Miller, (D., Minn., 1964) 229 F.Supp. 1018, Judge Larson was presented the question of whether counsel for an interpleading plaintiff insurance company should be allowed a $500 fee for services rendered in connection with the interpleader action. Consistent with the overwhelming weight of authority, he determined that, in spite of an absence of statutory authority, reasonable attorneys' fees may be allowed as a part of the costs of the case to the interpleading plaintiff. (For an example of the contrary view, see Prudential Insurance Company of America v. Burress, (S.D.Cal., 1960) 181 F. Supp. 391). A $7,225 policy was involved and Judge Larson stated:

> The fees awarded in cases of this nature are generally modest since the expenditure of time involved is not great and the fund limited. Attorneys' fees of $200 will be awarded, plus $44.60 for service and filing fees. The award of attorneys' fees is, of course, without prejudice to the rights of plaintiff's counsel for additional attorneys' fees from his client. [Ibid at 1021].

■ Rule 4.12 of the Rules of the Supreme Court of Missouri, V.A.M.R., state appropriate guidelines for fixing the amount of attorneys' fees. Although not binding on this Court, the criteria set forth are generally acknowledged to be proper. It is apparent that Judge Larson had similar considerations in mind when he cut the $500 request involved in the Equitable case to $200. Changes in economic conditions and the value of the dollar suggest that services worth $200 in 1964 should be worth $250 in 1970. We believe that amount should be allowed in both cases even though the policies involve different amounts. The interpleader actions involved the expenditure of minimal time and effort. Indeed, it is difficult to conceive of two more routine interpleader actions than were involved in the cases now before the Court.

The discussion in ¶ 22.16 [2] of Moore emphasizes that all courts exercise their discretion in routine interpleader actions consistent with the recognition made by Judge Larson that "the expenditure of time involved is not great" and that the fees awarded are "generally modest." On page 3148 Professor Moore states:

> To award counsel fees to the disinterested stakeholder will not, in any event, be likely to deplete the fund to any great extent—the only services for which compensation is normally sought are those connected with the preparation and filing of a single pleading. In most cases, the award will be nominal.

Professor Moore also recognizes that equitable discretion should be exercised against an insurance company which runs to court "without any reasonable fear of adverse claims" (Ibid at p. 1350).

The Court's inquiry at evidentiary hearing as to the validity of any claim which might be asserted by one group of the potential claimants in those cases was made in order to ascertain the fac-

tual circumstances involved here. The Court never questioned its jurisdiction of the interpleader actions, as the briefs filed by counsel for National apparently assume. Nor was the Court indicating any reluctance to allow counsel a reasonable fee consistent with the established facts and applicable law. We must, however, recognize that the determination of this Court that counsel are not entitled to the fees claimed will not, as a practical matter, mean that counsel will not be paid. As Professor Moore stated on p. 3155:

> Of course, to deny the award of counsel fees to the stakeholder will not be to leave his attorneys uncompensated. It simply represents a decision that all or part of the fees incurred by the stakeholder should be paid out of his pocket rather than out of the pocket of the prevailing claimant.

We think Judge Marsh in Fidelity and Casualty Company of New York v. Levic, (W.D.Pa., 1963) 222 F.Supp. 131 at 133, properly noted that the interpleading insurance company receives a large benefit because it "will be discharged from all liability on account of the policy involved." When one considers that the insurance companies involved in these cases successfully avoided the cost of defending their cases on the merits, it is apparent that both are money ahead so far as overall litigation costs are concerned. Equity does not require that they be further benefited.

What Judge Marsh stated in the *Fidelity and Casualty Company* case, *supra*, is applicable to these cases. He stated that "there were no complications, oppositions, or resistance to the petition for interpleader." Counsel prayed for a fee of $540. Judge Marsh determined that a $150 fee for an uncontested interplead-er action was reasonable. (An additional fee of $125 was allowed for filing of a motion to transfer to another jurisdiction).

Klebanoff v. Mutual Life Ins. Co. of New York, (S.D.N.Y., 1965) 246 F.Supp. 935, states the established rule that any fee allowed is to be "limited strictly to the interpleader." The contention of counsel for interpleading plaintiff National to the contrary is not tenable.

The speed with which this case was settled and the Court's familiarity with the factual situation obtained both during the informal conferences before the Court and at the hearing held in connection with our approval of the minors' settlement, establish that there were no major problems for determination in deciding to whom the proceeds of both policies belonged. Under all the facts and circumstances, we indicate our agreement with the thought expressed by Judge Friendly in Travelers Indemnity Company v. Israel, (2d. Cir., 1965) 354 F.2d 488 at 490, which affirmed a denial of any attorneys' fees under the circumstances of that case:

> We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds by bringing an action for interpleader. [Ibid at 490].

We do not deem it necessary to state further the reasons controlling the exercise of our discretion. Under all the facts and circumstances, we find and conclude that intervening plaintiffs should be allowed their costs which shall include a reasonable attorneys' fee of $250 in each case.