The MINNESOTA MUTUAL LIFE IN-SURANCE COMPANY, a Minnesota ˙Corporation, Plaintiff,

v.

Maxine M. GUSTAFSON et al., Defendants.

No. 75C868.

United States District Court, ˙ N. D. Illinois, E. D.

May 25, 1976.

James T. Otis, Dennis M. Wilson, Ward A. Meythaler Price, Cushman, Keck, ·Mahin & Cate, Chicago, Ill., for plaintiff.

Alan S. Ganz, Hackbert, Rooks, Pitts, Fullager & Pouse, Jerome N. Zurla, Joseph J. Hasman, Peterson, Ross, Rall, Barber & Seidel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiff, Minnesota Mutual Life Insurance Company, brought this interpleader action pursuant to 28 U.S.C. § 1335 to determine whether the $20,000 proceeds of a life insurance policy issued by it to the insured, J. Shannon Gustafson, should be distributed to his ex-wife or his children. This case was consolidated with other interpleader actions concerning the proceeds of other insurance policies of the insured, and on June 24, 1975, was dismissed pursuant to a settlement agreement. Plaintiff now requests an award of $1,809.49 for attorneys' fees and other disbursements.[1] We deny this request.

---

1. Plaintiff avers that the aggregate lawyer time devoted to this case was 54¼ hours, and that its disbursements for miscellaneous items in regard to the litigation was $94.49.

## I. APPLICABILITY OF *ERIE v. TOMPKINS*

■ Illinois courts have held that a stakeholder in an interpleader action is not entitled to an award of attorneys' fees out of the fund. *Metropolitan Life Insurance Co. v. Kinsley,* 269 Ill. 529, 109 N.E. 1011 (1915). Thus, the first issue which we must examine is whether, under the doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we are required to follow Illinois law and deny the award of fees in this action. Under this doctrine, a federal court "in diversity cases may not, as to non-federal matters, disregard state law in matters of substantive rights." 1A J. Moore, *Federal Practice* ¶ 0.304 at 3049 (2d ed. 1974).

Most courts that have examined the issue of awarding fees in interpleader actions under 28 U.S.C. § 1335 (statutory interpleader) have never addressed the issue of the law of the forum state, but have simply allowed fees, referring to the traditional equity power of the federal courts. *See Globe Indemnity Co. v. Puget Sound Co., Inc.,* 154 F.2d 249, 250 (2d Cir. 1946), 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1719 at 490 (1972), and cases cited in 48 A.L.R.2d 190 (1956). Those courts which have addressed the issue—in cases in which the law of the forum state prohibits awards of fees to the stakeholder—have reached contrary results. Compare *Palomas Land & Cattle Co. v. Baldwin,* 189 F.2d 936, 938 (9th Cir. 1951) with *Aetna Life Insurance Company v. Johnson,* 206 F.Supp. 63 (N.D.Ill.1962) (Judge Campbell), *Illinois Bankers Life Assurance Corp. v. Blood,* 69 F.Supp. 705 (N.D.Ill.1947) (Judge Campbell), and *Danville Building Association v. Gates,* 66 F.Supp. 706 (E.D.Ill.1946) (Judge Lindley).

In *Palomas,* the Ninth Circuit, notwithstanding California law to the contrary, awarded fees to the stakeholder in a statutory interpleader action. The court held that, since the case arose under a federal statute and was heard and determined by a federal court, federal rather than state law should govern. Examining the applicable federal law, the court concluded that fees could be awarded in a section 1335 interpleader action.

Judge Campbell, in *Aetna Life Insurance Company,* rejected the reasoning of *Palomas* and stated that he was compelled, under the *Erie* doctrine, to follow Illinois law prohibiting the awarding of fees in interpleader actions. He asserted that the enactment of 28 U.S.C. § 1335 did not create a new federal remedy but merely extended the jurisdiction of the federal courts in applying a traditional equitable remedy. Thus, he concluded, an interpleader action brought pursuant to section 1335 is indistinguishable from an interpleader action brought under the diversity statute, 28 U.S.C. § 1332. He held therefore that the issue of a stakeholder's right to receive attorneys' fees in a section 1335 action is a matter of state substantive law and, under *Erie,* must be governed by the law of the forum state. He cautioned that a contrary holding, allowing attorneys' fees when the applicable state law prohibited it, would defeat the policy of *Erie* by creating federal common law and lead to forum shopping.

■ After examining Judge Campbell's decisions in *Aetna* and *Blood* and the other relevant decisions, we conclude that the *Erie* doctrine is not applicable in these cases. Judge Campbell's reasoning is basically syllogistic: (1) *Erie* requires a federal court to apply state law whenever a state substantive right is involved; (2) since 28 U.S.C. § 1335 did not create a new federal right but merely expanded federal jurisdiction, actions under this section involve substantive rights; (3) therefore, a federal court should apply state law in section 1335 interpleader actions. Although this syllogism is logical, we believe it is too mechanical. The Supreme Court in *Hanna v. Plumer,* 380 U.S. 460, 467, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8, 14 (1965) held that under *Erie* "choices between state and federal law are to be made not by application of any automatic 'litmus paper' criterion, but rather by reference to the policies underlying [*Erie*]." Accordingly, instead of simply labeling the issue "substantive" or "procedural," and

then applying *Erie,* we should examine the issue of allowance of fees under section 1335 in terms of the policies underlying *Erie.*

In *Hanna,* the Court stated that the twin aims of the *Erie* rule were to discourage forum-shopping and to avoid the inequitable administration of the laws. *Hanna v. Plumer, supra,* 380 U.S. at 468, 85 S.Ct. at 1142, 14 L.Ed.2d at 15. In regard to the first policy—discouragement of forum-shopping—it is unlikely that a federal rule which differs from state law concerning the allowance of fees will result in a deliberate selection of a federal forum over a state forum.: Statutory interpleader is primarily designed for cases in which there are multistate defendants. Section 1335 requires that two or more of the adverse claimants have diverse citizenship.[2] Further, 28 U.S.C. § 2361, the procedural counterpart of section 1335, allows for nationwide service of process in section 1335 actions.[3] Consequently, most federal statutory interpleader actions could not be brought in a state court since that court could not acquire jurisdiction over at least one of the claimants. *See* 7 C. Wright & A. Miller, *supra* § 17.19 at 491. A federal rule in regard to fees that was different from the applicable state law, therefore, would not encourage significant forum-shopping.

A different federal rule would not frustrate the second policy of *Erie:* the avoidance of an inequitable administration of the laws. Since the type of action ordinarily brought pursuant to section 1335 could not be brought in state court, different standards in federal and state courts as to the allowance of fees will not result in a denial of equal protection for some stakeholders. Although it can be argued that the allowance or disallowance of fees should not depend on the fortuity of the diverse citizenship of the claimants, it is clear that Congress, by enacting statutory interpleader allowing stakeholders to bring claimants of diverse citizenship into one forum, created an action distinct from state law interpleader. It is thus not inequitable to apply a federal standard in a uniquely federal proceeding.

We conclude, therefore, that since the application of a different federal standard will not frustrate the policies underlying *Erie,* we are not compelled to follow Illinois law as to the awarding of fees. This determination, however, does not resolve the ultimate issue whether we should award fees to plaintiff's counsel. To decide that issue, we must determine the proper federal standard concerning the award of fees.

## II. FEDERAL STANDARD IN REGARD TO ALLOWANCE OF FEES

As noted above, most federal courts have held that it is within their discretion to award attorneys' fees in statutory interpleader actions. *James Talcott, Inc. v. Allahabad Bank Ltd.,* 444 F.2d 451, 468 (5th Cir. 1971), 3A J. Moore, *supra* ¶ 22.16[2] at 3144. Normally, courts will award such fees to a disinterested stakeholder who deposits the disputed fund with the court. *Id.* at 3144–45. They reason that attorneys' fees should be awarded to such a stakeholder because he is promoting litigation to expeditiously resolve conflicting claims and is thereby securing the proper application of the fund. *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 193 (9th Cir. 1962). Further, they assert that, since the existence of the con-

---

**2.** This section provides, in relevant part,

   (a) The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation, association, or society having in his or its possession money or property of the value of $500 or more . . . if
   
   (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property . . .

**3.** This section provides, *inter alia,*

   In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any state or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

flicting claims is not due to the fault of the stakeholder, he should not have to pay the fees in order to guard himself against harassment. *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., supra, Klebanoff v. Mutual Life Insurance Company of New York,* .246 F.Supp. 935, 950 (D.Conn.1965), *rev'd on other grounds,* 362 F.2d 975 (2d Cir. 1966), *Massachusetts Bonding & Insurance Company v. Antonelli Construction Co., Inc.,* 173 F.Supp. 391, 392 (D.Mass.1959). Finally, the courts suggest that the stakeholder helps the judicial process by bringing all claimants into one forum and assisting the court in resolving the disputed claims. *Pennsyvlania Fire Insurance Co. v. American Airlines, Inc.,* 184 F.Supp. 145, 146 (E.D.N.Y.1960).

Commentators also recommend the awarding of fees to a disinterested stakeholder. See 3A J. Moore, *supra* ¶ 22.16[2] and 7 C. Wright & A. Miller, *supra* ¶ 17.19. Professor Moore argues that the stakeholder helps the claimant by depositing the fund in court and thereby guaranteeing the prevailing claimant's immediate satisfaction without the need of execution proceedings. Furthermore, he contends that awards of attorneys' fees are of little consequence to the fund because they are usually nominal. 3A J. Moore, *supra* ¶ 22.16[2] at 3148–49.

Although most courts and commentators advocate the awarding of fees to disinterested stakeholders, almost as a matter of course, some courts have indicated their reluctance to adopt such an approach. In *Travelers Indemnity Company v. Israel,* 354 F.2d 488 (2d Cir. 1965), for example, the court indicated that fees should only be granted in cases in which the claims are not of the type that arise in the ordinary course of business. In that case, the stakeholder insurance company brought a statutory interpleader action alleging that it had been served with claims by various claimants to proceeds of fire insurance policies. Judge Friendly, in affirming the district court's denial of fees, stated,

We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to [the claimants] by bringing an action for interpleader. *Id.* at 490

Although Judge Friendly did not define what he meant by "minor problem," it is evident from the nature of the case, that disputed claims that arise in the ordinary course of the insurance business fall into that category.

Other courts have held that only a portion of the total amount of attorneys' fees should be charged against the fund. *National Life and Accident Insurance Company v. Bruce,* 309 F.Supp. 1314 (W.D.Mo. 1970), *Fidelity and Casualty Company of New York v. Levic,* 222 F.Supp. 131 (W.D. Pa.1963). These courts reasoned that the stakeholder, as well as the claimants, is benefited by an interpleader action because it will be "relieved of vexation and the expense of resisting a multiplicity of lawsuits in widely separated jurisdictions, will avoid erroneous election, and will be discharged from all liability on account of the policy involved." *Fidelity and Casualty Company of New York v. Levic, supra* at 133. Still other courts have held that fees should be granted only when there existed a real threat of vexatious suits from multiple claimants, rather than when the plaintiff merely desired further protection of the court to exonerate it from liability. *Manufacturers Life Insurance Co. v. Johnson,* 385 F.Supp. 852, 854 (E.D.Va.1974).

We agree with Judge Friendly in *Travelers Indemnity Company, supra,* that attorneys' fees should not be granted to the stakeholder as a matter of course in interpleader actions concerning the proceeds of insurance policies. Although it is true that an interpleader action benefits both claimants and the courts by promoting expeditious resolution of the controversy in one forum, the chief beneficiary of an interpleader action is the insurance company. An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader action relieves the company of this risk by eliminating the potential

harassment and expense of a multiplicity of claims and suits. Furthermore, it discharges the company from all liability in regard to the fund. It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest.

We conclude, therefore, that, when an insurance company brings an interpleader action concerning disputed claims of a kind that usually arise in the course of its business, fees should not be granted to its counsel. On the other hand, if the case involves disputes which do not ordinarily rise in the course of the insurance business, such fees may be allowable.[4] Since the plaintiff in this case has not alleged any such extraordinary circumstances and none are apparent, we deny its counsel's request for fees. The insurance company, not the beneficiaries of the policy, should pay the costs of relieving it of its liability to the proper claimants. The claimants will have to pay the costs of their own representation and should not, in addition, bear those of the insurer.

An appropriate order will enter.

---

**4.** An issue which the parties did not address is whether any fees can be granted in interpleader cases after the Supreme Court's decision in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In that case, the Court held that under the "American Rule," attorneys' fees are not ordinarily recoverable in federal litigation in the absence of statutory authorization. Since 28 U.S.C. § 1335 does not authorize awarding of fees, it can be argued that federal courts are precluded from awarding fees in statutory interpleader actions.

This argument is, we believe, without merit because the Court in *Alyeska* recognized an exception to the "American Rule" when the party seeking fees has instituted the action for the benefit of a general fund. *Alyeska Pipeline*

*Service Co., supra* at 257 n. 30, 95 S.Ct. at 1622, 44 L.Ed.2d at 153. To support this proposition, the Court relied on *Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1882) which held that it was within a court's equity power "to permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including attorneys' fees, from the other parties enjoying the benefit." *Alyeska Pipeline Service Co., supra* at 257, 95 S.Ct. at 1621, 44 L.Ed.2d at 153. Since the traditional equity power to grant fees in interpleader actions is based on the same principles as enunciated in *Greenough, Alyeska* does not establish an absolute bar to the awarding of fees in these cases.