NATIONAL PACIFIC INSURANCE Co., Ltd.,
Plaintiff

v.

PAINAME MAUALA, NAOMI OSOIMALA, Estate of
MAFULI MALEKE LETULIGASENOA, and
Estate of ALEKI NOA, Defendants

STAR-KIST SAMOA, Inc., and TRAVELERS
INSURANCE Co., Intervenors

High Court of American Samoa
Trial Division

CA No. 15-88

June 16, 1988

Before REES, Chief Justice, TAUANU'U, Chief Associate Judge, TUIAFONO, Associate Judge.

Counsel: For Plaintiff, John Ward
For Defendants Mauala and Estate of Noa, Aviata Fa'alevao
For Defendants Osoimala and Estate of Letuligasenoa, Edwin Gurr
For Intervenors, Togiola T.A. Tulafono

On Motion to Deposit Funds and for Attorney Fees:

On May 13, 1988, the Court signed an order approving an interpleader sought by the plaintiff insurance company but denying plaintiff's request for attorney fees. In reply to a request from counsel, and in order to clarify our decision for the purposes of any such future requests, we now detail our reasons for denying those fees.

Whether to award attorney fees in interpleader proceedings lies within the discretion of the Court. See, e.g., James Talcott, Inc. v. Allahabad Bank Ltd., 444 F.2d 451, 468 (5th Cir.), cert. den., 404 U.S. 940 (1971); Schirmer Stevedoring Co., Ltd., v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962). Such awards have sometimes been given to disinterested stakeholders who deposit the disputed fund with the Court. Courts that have done this usually reason that the stakeholder should be rewarded for promoting the expeditious resolution of conflicting claims or should be protected from having to bear the costs of avoiding conflicting claims that did not arise through its own fault. See, e.g., Schirmer Stevedoring, supra, 306 F.2d at 192. Scholars have likewise expressed their approval of awarding attorney fees to disinterested stakeholders in appropriate cases, pointing out that interpleader eliminates execution costs for prevailing claimants and generally does not significantly drain the interpleaded fund. See 3A J. Moore, Federal Practice par. 22.16[2]; 7 C. Wright & A. Miller, Federal Practice & Procedure § 1719.

147

While we recognize the general desirability of interpleader as a procedural device and do not suggest that circumstances could never arise that might justify an award of attorney fees to the disinterested stakeholder, we do not feel that such an award is appropriate in a case such as the one before us. Courts seem generally to have refused to grant fees in interpleader cases where the claims are of the sort that arise in the ordinary course of the stakeholder's business. In Travelers Indemnity Company v. Israel, 354 F.2d 488 (2d Cir. 1965), for example, the court stated that it was "not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to [the claimants] by bringing an action for interpleader." Id. at 490 (per Friendly, J.); see also Minnesota Mutual Life Insurance Co. v. Gustafson, 415 F. Supp. 615 (N.D. Ill. 1976).

Although it does benefit the Court and the claimants when an insurer interpleads a disputed fund, the insurer's motives for doing so are generally not altogether altruistic. Chief among the beneficiaries of the procedure is the insurer itself: the possibility of conflicting claims to a policy fund is a quotidian of the insurance business, and by interpleading the fund the insurer avoids the cost of litigating the conflicting claims and ensures that it will be exposed to no further liability on account of that policy. See Gustafson, supra, 415 F. Supp. at 617-18. It should therefore be unnecessary to prod insurers to interplead by awarding them their attorney fees. Nor has a company that interpleads necessarily established its entitlement to recognition for extraordinarily virtuous conduct; sorting out claims upon their policies is what insurance companies are supposed to do. Thus neither of the reasons usually given for awards of attorney fees to stakeholders is at work in cases such as this one. Since we were not told of and cannot discover any circumstances to justify the payment of National Pacific's legal expenses from the interpleaded fund, its request for attorney fees is denied.