## ROYAL NEIGHBORS OF AMERICA v. LOWARY et al.

### No. 1027.

District Court, D. Montana.

Jan. 14, 1931.

Lewis A. Smith, of Butte, Mont., for plaintiff.

Wm. McKnight, of Reno, Nev., and A. J. Lowary, of Polson, Mont., for defendants.

BOURQUIN, District Judge.

August 1, 1930, complainant filed a bill of interpleader alleging it issued to Harry Lowary a benefit certificate in amount $1,000 payable to Mary, his wife, and, if she died prior to insured and no other beneficiary named, to his "legal heirs," without interest; that she died, he married Nelle, no change in beneficiary was made, and he died thereafter on June 16, 1929, in California, leaving a will devising all and "everything" to Nelle; that "timely" proofs of death were made, Nelle claims the entire amount by virtue of said will, and his two brothers claim $500 thereof, they three being the legal heirs. There are the usual allegations of inability to determine between these conflicting claimants, $1,000 were paid into court when bill filed, and the usual prayer to compel the said heirs defendants to interplead, and for costs and attorney's fees to complainant.

Nelle answers, claiming all, and the brothers that complainant has no excuse for not paying them the $500 they claim, that they are not responsible for the delay or costs or fees, and all ask particular and general relief. At this final hearing, the matter is submitted on the pleadings and complainant's by-laws, which provide that, in circumstances as here, the amount of the certificate shall be paid to the "next of kin" of insured in proportions to accord with the laws of the state of his residence at death, and that proofs of death must be filed in "reasonable time."

Although there is no evidence of the residence of insured at time of death, it appears admitted that the brothers' allegation that they are entitled to one-half and Nelle to one-half accords with the laws of the state of said residence.

Diverse citizenship existing, jurisdiction is conferred by paragraph 26, § 41, 28 US CA, but in all else the general principles of equity apply.

Accordingly, the court finds for defendants, one-half the recovery for Nelle, one-half for the two brothers. Interpleader is denied, for that: (1) Complainant knew or in ordinary diligence could have known to whom and in what proportions the amount of the certificate is payable, and it is well settled this defeats interpleader, even though any dissatisfied claimant might threaten a hopeless suit, though none alleged. There can be no resort to equity save in case of real necessity, and not merely as a convenient escape from duty and labor at the cost of the beneficiaries, generally including fat fees for insurer's counsel. (2) It is equally settled that complainant's delay to commence suit is laches defeating interpleader. Timely proofs admitted, reasonable time therefor, in absence of other evidence, is assumed to be thirty days, and the proofs filed not later than July 16, 1929. For more than twelve months thereafter complainant withheld payments, enjoyed the use of the money after it was payable and which bears legal in-

terest at 8 per cent. per annum, and then pays only the principal into court.

 No insurer can thus secure interpleader and avoid liability for interest as damages for unreasonably withholding payment of money due.

The provision against interest in the certificate contained imports none if the amount is paid promptly after proofs of death presented.

 Equity favors the diligent, not the slothful, and he who asks equity must do equity.

Decree for defendants for $1,000, and legal interest from July 16, 1929, to decree filed, and costs.