JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,
Plaintiff,

v.

William Frederick DORAN, an infant under the age of 14 years, and William Carver, Defendants.

United States District Court.
S. D. New York.

Feb. 9, 1956.

Tanner, Friend, Kinnan & Post, New York City, Edward A. Baker, New York City, of counsel, for plaintiff.

Elmer Fried, New York City, for defendant, William Frederick Doran.

Walter E. Foss, Portland, Me., for defendant, William Carver.

IRVING R. KAUFMAN, District Judge.

In this action of interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397 and 2361, plaintiff insurance company (hereafter called the Company) seeks an order which: (a) restrains defendants from instituting or prosecuting against the Company any action or proceeding in any other State or Federal Court upon a certain certificate of life insurance, whose benefits are claimed exclusively by each of the defendants, and (b) discharges the Company from all further liability to either of said defendants under that certificate. To establish its position as disinterested stakeholder in this action, the Company has deposited into the Registry of this Court the sum of $3,500, representing the proceeds of the certificate of insurance involved herein; it requests, however, that its costs and a reasonable allowance for attorneys' fees be awarded to it from that fund.

On January 1, 1951, the Company issued to the Trustees of the N.M.U. Pension and Welfare Plan a Group Insurance Policy, and on that same day, Walter L. Williams became insured under that Group Policy, and the certificate of life insurance involved herein was delivered to him. Under the terms of that policy, Williams had the right to designate a beneficiary and to alter that designation, provided he did so in writing, on forms supplied for that purpose by the plaintiff Company. Williams availed himself of this privilege three times during his lifetime, first designating one Nylda Doran as beneficiary, then William Carver, one of the defendants herein, and then William Frederick Doran (an infant), the other defendant in this case. On or about January 26, 1955, two months after this last change of beneficiary, Walter L. Williams died.

Two days after Williams' death, William Carver advanced a claim to the proceeds of this policy, asserting that he was the designated beneficiary and that the insured had forwarded to him the certificate of insurance. On February 11, 1955, the Trustees of the N.M.U. Pension and Welfare Plan forwarded a formal claim on behalf of William Frederick Doran. Both defendants continued to press their claims, each alleging himself to be the lawful beneficiary under Williams' policy, and in November of 1955, defendant Doran brought suit against the Company in the City Court of the City of New York to recover the proceeds of that policy. Seemingly, the bringing of that action precipitated the Company's filing this bill of interpleader in December, and on January 3, 1956, this Court, in an order to show cause, ordered a temporary stay of all State and Federal actions involving this certificate, pending the hearing and determination of the instant application.

Upon the argument of the instant motion, defendant Doran urged that the Company is not in the position of a purely disinterested and innocent stakeholder in that it has withheld the money since February 11, 1955, the date of the last claim against it, without any good cause therefor. Doran urged that the language of the Bill itself clearly shows that

he alone was entitled to the proceeds under the policy. Doran further urged that because of the Company's laches, interest should be charged against the Company from February 11, 1955, and that the interpleader should be dismissed unless the Company offers to pay the requisite interest into Court in addition to the face amount of the policy. He urged further that the Company's laches bars it from an award of costs and counsel fees from the fund. With these contentions, I am in full agreement, except that I believe interest should run from March 11, 1955 which I find to be a reasonable time after notice of conflicting claims within which the Company should have taken action.

As Doran pointed out in his answer, the Company's Bill of Interpleader sets forth the terms of the policy including the provision that the last named beneficiary, if properly designated, shall remain the beneficiary of record until validly revoked or changed. The Bill further avers that Doran is the last named beneficiary, and that the change in designation was in writing on a form supplied by the Company for that purpose. The Company states in its memorandum that Carver's claim is predicated upon his being a former beneficiary and his being in possession of a certificate of insurance, but it nowhere alleges that by its terms the policy involved herein gives any recognition to such possession by a former beneficiary. Thus from the papers and arguments presented, this action does not appear to be one where the complainant could not have ascertained to whom the insurance was payable by the use of ordinary diligence. Rather, this seems to be a resort to equity as a convenient escape from duty. Royal Neighbors of America v. Lowary, D.C. D.Mont.1931, 46 F.2d 565. It is true that the Company had a right to pursue its equitable remedy in interpleader to rid itself of the vexation and expense of resisting adverse claims even if it believed that only one of them is meritorious, Hunter v. Federal Life Insurance Co., 8 Cir., 1940, 111 F.2d 551, 556, but in such a situation, if the Company sought to take advantage of this equitable relief, it should have acted with a reasonable degree of promptness and with reasonable diligence. Certainly, within one month after receiving the claim and realizing its predicament, it should have decided on a course of action. See Connecticut General Life Insurance Co. of Hartford, Conn. v. Yaw, D.C.W.D.N.Y. 1931, 53 F.2d 684. This it failed to do. Its delay forced Doran into the expense of bringing a lawsuit in the City Court to recover the proceeds of the policy.

In a recent case in this District, it was held that where an insurance company delayed bringing suit for two and one half years after death of the policy holder because of its belief that it could not obtain jurisdiction over one of the claimants, it would not be charged interest on the fund and it would be allowed reasonable attorneys fees and costs, except insofar as these moneys were expended to defend the company against claims for interest. Aetna Life Insurance Co. v. Du Roure, D.C.S.D.N.Y.1954, 123 F. Supp. 736.

The Company's position in the instant case does not square with the holding of the Aetna case. It alleged in its Bill of Interpleader that it has been "anxious, ready and willing to pay" the $3,500 since February 11, 1955, but that it was prevented from doing so because of the absence of a guardian of the property of the infant Doran until August 26, 1955, and because of the adverse claims which were pressed. The former contention is wholly without merit. Rule 4(d) (2) of the Federal Rules of Civil Procedure, 28 U.S.C. provides that service of process can be made upon an infant in the manner prescribed by the law of the state in which such service is made, and Sections 202–204 of the New York Civil Practice Act and Rule 39 of the New York Rules of Civil Practice make it possible for the Company to have instituted this suit, and to have had the Court appoint a guardian ad litem.

As for the Company's contention that it could not pay because of ad-

verse claims, it is sufficient answer to say that it could have avoided the risk inherent in such a decision by pursuing with due diligence its remedy in interpleader which was available in March 1955. In the Aetna case, supra, the Court distinguished between two kinds of culpability of an insurance company stakeholder which has delayed in bringing interpleader: (a) grossly culpable delay, requiring the award of legal interest, (b) less culpable delay, subjecting the insurance company to liability for interest at the rate earned by the fund. I find the latter liability should be applied here. I do not find grossly culpable delay, but certainly, the Company should not now be permitted to use interpleader, an equitable remedy, to divest itself of any liability when it has had use of this fund for almost one year after it became aware of the nature and the character of the adverse claims involved.[1] Royal Neighbors of America v. Lowary, supra, cf. New York Life Insurance Co. v. Cooper, D.C.S.D.N.Y.1944, 76 F.Supp. 976. He who seeks equity must do equity. Similarly, this delay removes the Company sufficiently from its role of innocent stakeholder to deny it any award of attorneys fees or costs from the fund. New York Life Insurance Co. v. Bidoggia, D.C.D.Idaho 1926, 15 F.2d 126.

The cases awarding reasonable attorneys fees and costs to a stakeholder have often pointed out that statutory interpleader is based on purely equitable principles, e. g. Globe Indemnity Co. v. Puget Sound Co., 2 Cir., 1946, 154 F.2d 249; United States v. Ullman, D.C.E.D.Pa. 1953, 115 F.Supp. 211, and these principles of fair play compel me to exercise my discretionary power to deny such costs here.[2]

The motion of the Company for a permanent injunction and discharge from liability is granted without costs or attorneys fees, provided that it pay into the Registry of this Court an amount commensurate to the interest earned on the $3,500 fund in question since March 11, 1955. Settle order.

1. I am aware of the fact that the Company bases its insurance rates on a system which relies upon its not paying all claims promptly and its continuing to receive interest on the invested fund without liability over. But this basis should not include situations where the Company presents no adequate reason for its delay and where it does not even make a clear showing that both adverse claims have substance.

2. It should be noted that the courts have consistently recognized that such counsel fees to stakeholders, when awarded, should be kept small, both out of fairness to the eventual recipient of the fund and in recognition of the minimal work necessary to institute a suit in interpleader; See Hunter v. Federal Life Insurance Co., 8 Cir., 1940, 111 F.2d 551, 557; Shrepic v. Metropolitan Life Insurance Co., D.C.W.D.Pa.1954, 120 F. Supp. 650 and that counsel fees are limited to services for plaintiff as a disinterested stakeholder, e. g. Aetna Life Insurance Co. v. Du Roure, D.C.S.D. N.Y.1954, 123 F.Supp. 736. This line of decisions makes it clear that, in any event, reasonable attorneys fees would be small.