NATIONWIDE MUTUAL INSURANCE
COMPANY, an Ohio corporation,
Plaintiff,

v.

Richard L. ECKMAN, et al., Defendants.

Civ. A. No. 82–186.

United States District Court,
D. Delaware.

Jan. 18, 1983.

William F. Taylor, and Richard A. Levine, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiff, Nationwide Mut. Ins. Co.

Morton Richard Kimmel, of Kimmel & Spiller, Wilmington, Del., for defendant, John K. McNally, Jr.

Robert G. Carey, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for plaintiff, American Cas. Co., in Civ. A. No. 82–279 (consolidated); for defendants, Henry R. Kesterson, t/a Galaxy Limousine Service; and Continental Nat. American Ins. Co.

F. Alton Tybout, of Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for defendants, Richard L. and Sheila M. Eckman.

David Roeberg, and Frederick T. Haase, Jr., of Roeberg & Associates, Wilmington, Del., for defendant, Joyce Brown.

Eric L. Grayson, of Walsh & Monzack, Wilmington, Del., for defendants, Buddy E. and Carole Arbuckle.

Alene S. Berkowitz, of Berkowitz, Greenstein, Schragin & Coonin, Wilmington, Del., for defendants, Flavio and Francisca Alonzo.

A. Richard Barros, of Barros, McNamara & Scanlon, Dover, Del., for defendant, Dianna McKelvey.

John E. Babiarz, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants, Robert and Terri Hayden; Claude T. and Jean Beavers, and Lloyd M. and Mildred M. Pekelsma.

Gary W. Aber, of Biggs & Battaglia, Wilmington, Del., for defendant, Joseph M. Gittens.

Kevin E. Walsh, of Morris & Rosenthal, Wilmington, Del., for defendant, Bernard E. Irmen.

Peggy L. Ableman, Asst. U.S. Atty., Wilmington, Del., for defendant, United States of America.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

Two defendants in this consolidated interpleader action, Richard L. Eckman and Sheila M. Eckman, have asked this Court to dismiss Nationwide Mutual Insurance Company (hereinafter "Nationwide") and John K. McNally, Jr., its insured, from this suit so that the remaining claimants/defendants to the interpleader fund may settle their respective claims.

On November 9, 1980, a vehicle operated by McNally, collided with an airport limousine owned by Henry R. Kesterson and operated by Paul J. McKelvey. The Continental National American Insurance Company (hereinafter "American Casualty") insured Kesterson. As a result of the collision, two people were killed and others injured.

Pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1335,[1] both Nationwide and American Casualty filed interpleader suits. Each deposited with this Court the amount of $300,000, allegedly the maximum liability coverage under the insurance policies of McNally and Kesterson respectively. On June 7, 1982, these two separate interpleader suits were consolidated under the name "NATIONWIDE MU-

---

1. 28 U.S.C. § 1335 reads in pertinent part:

   (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody of possession money or property of value of $500 or more ... if (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

TUAL INSURANCE COMPANY v. RICH-
ARD L. ECKMAN, et al."

On September 10, 1982, counsel for the Eckmans informed the Court that the various claimants had reached a proposed settlement agreement concerning the distribution of the $600,000 deposited with the Court. Counsel further informed the Court that Nationwide and McNally were unwilling to sign the agreement. The Eckmans proposed that both Nationwide and McNally be dismissed from this action so that the remaining claimants could finalize the settlement. American Casualty stated at that time that it was willing to "piggyback" on the position of Nationwide on the issue of whether the insurance companies should be dismissed as disinterested stakeholders.

Consequently, in its opinion and order dated September 29, 1982, this Court dismissed Nationwide and American Casualty from this consolidated action because both insurance companies effectively disclaimed any interest in the deposited stake. Unfortunately, none of the claimants informed the Court at that time of their continued interest in pressing a counterclaim against American Casualty.[2] Therefore, reargument was heard concerning the propriety of the dismissal of American Casualty in light of the existence of the counterclaim. Additional argument was heard on the issue of whether John K. McNally, Jr. should be dismissed from this case.

In its opinion of September 29, 1982, this Court stated that a plaintiff who brings an interpleader action pursuant to 28 U.S.C.

§ 1335 can deposit a stake "without waiving his contention that he is not liable to any of the claimants, or that he is not liable for the full amount demanded and paid into court." 7 Wright & Miller, *Federal Practice and Procedure* § 1716, p. 460 (1972); see *MFA Mutual Insurance Co. v. Lusby*, 295 F.Supp. 660, 664 (W.D.Va.1969) (plaintiff allowed under 28 U.S.C. § 1335 to bring action while continuing to contend that he is not liable to defendant). Therefore this Court concluded that if a plaintiff interpleader contends that he is not liable to the defendants for the amount deposited with the Court, he remains interested in the fund and a party to the lawsuit.

■ The critical issue was whether either of the insurance companies maintained an interest in the money deposited with the Court. If an interpleading plaintiff has no interest in the stake he should be dismissed. See *Rosenberger v. Northwestern Mutual Life Ins. Co.*, 176 F.Supp. 379, 385 (D.C.Kan. 1959) (when insurance company is disinterested stakeholder, it should be discharged from case), *modified* 182 F.Supp. 633 (D.C. Kan.1960).[3] Nationwide, and through its "piggyback" position American Casualty, stated on the record that it did not have any interest in the $300,000 per se, *i.e.,* the insurance companies were not disputing liability.[4] The insurance companies only claim in the money at that time was an interest in attorneys' fees. The Court determined, however, that the plaintiffs' interest in attorneys' fees did not make the interpleading plaintiff interested in the deposited stake.

2. Basically, the counterclaim urges this Court to order American Casualty to deposit $200,000 more into the interpleader fund because the van involved in the accident and insured by American Casualty was actually a 15-person van and not a 12-person van. Under the policy of insurance with Kesterson, the claimants/defendants contend that the maximum liability coverage for such a van is $500,000 and not the $300,000 American Casualty deposited with the Court.

3. A federal court has the power to dismiss a disinterested stakeholder from an interpleader action. See 28 U.S.C. § 2361 (1978); 7 Wright & Miller, *Federal Practice and Procedure,* § 1716, pp. 460–61 (1972); Local Rules of Civil

Practice for the United States District Court for the District of Delaware, L.R. 7.1.

4. Nationwide possibly could have claimed that their insured's liability to the extent of the $300,000 deposited has not yet been established by any of the claimants. It is arguable that because there is no final liquidated judgment against McNally in excess of $300,000, Nationwide could still contend that it was not liable to the claimants for the money deposited with the Court. Consequently, Nationwide could have argued that it retained an interest in the money until a judgment was liquidated and they were definitely liable for at least $300,000. *See generally Pan American Fire & Casualty Co. v. Revere*, 188 F.Supp. 474, 476 (E.D.La.1960).

In addition, this Court concluded that even if an interest in attorneys' fees manifests an interest in the stake, Nationwide was not entitled to attorneys' fees.[5]

■ Therefore, as previously stated, this Court dismissed Nationwide and American Casualty from this interpleader action. Upon reconsideration, the Court finds that its initial dismissal of Nationwide was appropriate.[6] Indeed at reargument, Nationwide presented a proposed order requesting that it be dismissed because it has no interest in any of the deposited monies, or the $200,000, the subject of the counterclaim. As there were no objections to this proposed order, and further because the Court could find no reason to alter its initial judgment, Nationwide's request for a dismissal was granted in open court.

The dismissal of American Casualty, however, was not proper. At this juncture, American Casualty disputes its obligation to indemnify its insured for an additional $200,000 as is demanded in the counterclaim. Because American Casualty disputes its obligation to pay this additional sum, it retains an interest in this interpleader suit. Therefore, this Court's Opinion and Order of September 29, 1982 must be withdrawn. The retention of American Casualty as a party, however, has spawned a jurisdictional problem.

■ Pursuant to the requirements of 28 U.S.C. § 1335, an interpleading plaintiff must deposit with the Court the highest amount claimed by the defendants. See e.g., Prudential Insurance Co. v. Bennett, 299 F.Supp. 451, 452 (S.D.Ga.1969) (plaintiff must pay into court entire sum claimants claim due as a condition precedent to juris-

diction). American Casualty, however, indicated that it would refuse to pay the additional $200,000 until this Court determined the validity of the defendants' counterclaim. In order to preserve its jurisdiction, this Court asked the parties to the American Casualty interpleader suit to stipulate that this action would continue as an action brought under 28 U.S.C. § 1332 (diversity jurisdiction) and Fed.R.Civ.P. 22.[7] Fed.R. Civ.P. 22 does not require the plaintiff to deposit the highest amount claimed, see United Benefit Life Insurance Co. v. Leech, 326 F.Supp. 598, 600 (E.D.Pa.1971) (in interpleader action brought under Rule 22, matter in controversy is measured by the interpleader fund to be distributed as stated by plaintiff), and thus this Court has jurisdiction to decide the counterclaim even though American Casualty has not deposited the disputed $200,000 with the Court. Therefore, upon stipulation, this action has continued under diversity jurisdiction and Fed. R.Civ.P. 22 rather than 28 U.S.C. § 1335 in order to avoid any jurisdictional problems.

There remains at this juncture the issue of whether to dismiss McNally from this interpleader suit. As previously stated, McNally was the driver of a car involved in the automobile accident at issue. He is also the insured of Nationwide. McNally's position in this litigation, however, is solely as a claimant/defendant in the American Casualty interpleader suit. While McNally remains a named claimant, he must be party to any settlement agreement that involves the fund deposited by American Casualty. McNally, however, refuses to sign any agreement unless he obtains a release from further liability from the other claimants.

---

5. The reasons for the Court's determination of these issues is presented fully in the Court's Opinion of September 29, 1982. That opinion will be attached as an appendix to this decision.

6. See Court's opinion of September 29, 1982, infra.

7. Fed.R.Civ.P. 22 provides in pertinent part:
    (1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are

such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim . . .

The claimants, in turn, refuse to sign such a release. Therefore, two of the claimants have moved that McNally be dismissed from this litigation since he is an improper party.

This Court has the power to determine the proper parties to an interpleader suit. *See* 7 Wright & Miller, *Federal Practice and Procedure,* § 1714 pp. 441–42. In addition, under Fed.R.Civ.P. 21, a court on its own initiative may dismiss an unnecessary party from a lawsuit. In this instance, McNally is a proper party defendant in the American Casualty interpleader suit if he has a claim against the interpleading plaintiff. Fed.R.Civ.P. 22.

McNally has indicated that he has no interest in either the $300,000 deposited by Nationwide[8] or American Casualty. McNally's sole contention is that he retains an interest in the disposition of the $200,000 counterclaim against American Casualty.[9] It is McNally's position that he is interested in the counterclaim because if the Court orders American Casualty to deposit an additional $200,000, that money would benefit McNally because it could be used to satisfy any later judgments entered against him personally. McNally calls this a "donee beneficiary" theory and believes that this interest allows him to remain party to this litigation.

The Court finds McNally's position to be untenable. As an initial observation, any additional insurance monies paid in by American Casualty will inure to the benefit of its insured Kesterson, not McNally. Therefore, the Court is unable to accept the underlying premise that the $200,000 allegedly due from American Casualty can benefit McNally.[10]

Assuming *arguendo* that the additional $200,000 might benefit McNally, the Court finds that such an interest does not make him a person with a claim "against the plaintiff" that would allow him to remain a claimant/defendant in this litigation under Fed.R.Civ.P. 22. In the context of interpleader, a person may be a claimant/defendant if he alleges an entitlement to the money or property at issue. *See* 28 U.S.C. § 1335(a)(1). Yet McNally does not claim any injury due to the negligence of Kesterson, American Casualty's insured, nor does he make any other personal claim on the $200,000 at issue. In sum, he claims no personal entitlement to the additional $200,000 allegedly due.

McNally in essence argues that he has an interest in seeing that the counterclaim is successfully prosecuted. Nonetheless, a defendant in an interpleader action who wishes to press a counterclaim "must still make some claim against the interpleaded fund." *Libby, McNeill, and Libby v. City National Bank,* 592 F.2d 504, 507–08 (9th Cir.1978). Consequently, the Court finds that McNally's alleged "donee beneficiary" interest does not constitute a "claim" against the plaintiff American Casualty.

---

**8.** Although McNally states that he has no interest in the money deposited by Nationwide, this Court recognizes that such an interest might exist. If the Court were to sanction a settlement agreement, claimants to whom McNally was never judged liable may receive insurance proceeds from McNally's contract with Nationwide. One might argue that McNally has some interest in seeing that *his* insurance money is given to people injured by McNally's negligence. *Cf., Maryland Casualty Company v. Sauter,* 344 F.Supp. 433, 435 (N.D.Miss.1972) (insured seeks intervention to force insurance company to properly fulfill obligations arising from insurance policy). Because McNally has not made this argument and specifically has waived any interest or claim he might have in the money Nationwide has deposited, this issue is not before the Court.

**9.** The nature of the counterclaim is set forth in footnote two, *supra.*

**10.** The Court is aware that McNally and Kesterson could have a judgment entered against them in which they are held jointly and severally liable. A joint and several judgment against McNally and Kesterson would render both tortfeasors responsible for the entire amount due. Nonetheless, if any of Kesterson's insurance money is used to reduce the obligation of McNally, Kesterson (or his insurance company) would have a right of contribution. 10 *Del.C.* § 6302. Thus, the insurance money due Kesterson could never benefit McNally, even under the principle of joint and several liability.

Thus, McNally cannot remain a claimant/defendant in this litigation.

In conclusion, the Court's Opinion and Order of September 29, 1982 is withdrawn. The plaintiff American Casualty is therefore not dismissed from this action. Defendant, John K. McNally, Jr., however, is dismissed.[11] An Order will be entered in accordance with this Opinion.

## APPENDIX

Morton Richard Kimmel, Esquire of Kimmel & Spiller, Wilmington, Delaware—attorney for plaintiff, Nationwide Mutual Insurance Company.

Robert G. Carey, Esquire of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Delaware—attorney for plaintiff, American Casualty Co., in Civil Action 82–279 (consolidated); attorney for defendants, Henry R. Kesterson, t/a Galaxy Limousine Service; and Continental National American Insurance Company.

F. Alton Tybout, Esquire of Tybout, Redfearn, Casarino & Pell, Wilmington, Delaware—attorney for defendants, Richard L. & Sheila M. Eckman.

David Roeberg, Esquire and Frederick T. Haase, Jr., Esquire of Roeberg & Associates, Wilmington, Delaware—attorneys for defendant Joyce Brown.

Eric L. Grayson, Esquire of Walsh and Monzack, Wilmington, Delaware—attorney for defendants, Buddy E. & Carole Arbuckle.

Alene S. Berkowitz, Esquire of Berkowitz, Greenstein, Schragin & Coonin, Wilmington, Delaware—attorney for defendants, Flavio & Francisca Alonzo.

A. Richard Barros, Esquire of Barros, McNamara & Scanlon, Dover, Delaware—attorney for defendant, Dianna McKelvey.

John E. Babiarz, Jr., Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware—attorney for defendants, Robert & Terri Hayden; Claude T. & Jean Beavers; and Lloyd M. & Mildred M. Pekelsma.

Gary W. Aber, Esquire of Biggs & Battaglia, Wilmington, Delaware—attorney for defendant, Joseph M. Gittens.

Kevin E. Walsh, Esquire of Morris & Rosenthal, Wilmington, Delaware—attorney for defendant, Bernard E. Irmen.

John X. Denney, Jr., Esquire and Peggy L. Ableman, Esquire, Assistant United States Attorneys, Wilmington, Delaware—attorney for defendant, United States of America.

## OPINION

Wilmington, Delaware
September 29, 1982
WRIGHT, Senior Judge.

Two of the defendants in this interpleader action, Richard L. Eckman and Sheila M. Eckman, have moved this Court for summary judgment dismissing that part of plaintiff Nationwide's complaint requesting the discharge from further liability of John K. McNally, Jr., Nationwide's insured.[1] These defendants have further asked this Court to determine that Nationwide has no interest in the interpleader fund that Nationwide has deposited in this Court, and, therefore, need not be a party to the settlement agreement of the various defendant/claimants. In effect, the Eckmans ask this Court to sanction a settlement agreement, and dis-

---

11. Nationwide has already been dismissed by order dated January 5, 1983. *See* page 778, *supra.*

1. This Court recognizes that under *State Farm Fire & Casualty v. Tashire,* 386 U.S. 523 [87 S.Ct. 1199, 18 L.Ed.2d 270] (1967), it does not have the power to order other courts to dismiss or not to hear suits concerning the liability of McNally. At issue in this case, however, is whether an arguably interested plaintiff in an interpleader action, Nationwide, can force claimants to the fund in a settlement agree-

ment to do what the courts cannot do following *Tashire.* The *Tashire* opinion does not deal with this question. Therefore, the Eckmans' Motion for Summary Judgment asking for the dismissal of that part of Nationwide's Complaint requesting this Court to discharge McNally from further liability is irrelevant to the question before the Court even though under *Tashire,* the Eckmans' position is correct. Because it is irrelevant, the motion will be denied.

tribute the interpleader fund, without the signature of Nationwide, one of the two plaintiffs in this consolidated interpleader.

In response to defendants' motion, Nationwide argues that it continues to have an interest in the $300,000 deposited. The only interest Nationwide claims in the $300,000 is Nationwide's desire to obtain attorneys' fees out of this interpleader fund. The Eckmans, consequently, have asked this Court to summarily dismiss Nationwide's claim for attorneys' fees so that Nationwide will no longer be able to claim such an interest.

The facts pertinent to these various motions are as follows: On November 9, 1980, a vehicle operated by John K. McNally, Jr., insured by Nationwide, collided with an airport limousine operated by Henry R. Kesterman, insured by American Casualty. As a result of the collision, two people were killed and other injured. At the present time, the Eckmans have recovered a judgment in Delaware state court against McNally and Kesterman in the amount of $3,250,000. That decision is presently on appeal to the Delaware Supreme Court.

Both Nationwide and American Casualty have filed interpleader actions with this Court, each depositing $300,000. On June 7, 1982, the two interpleader suits were consolidated under the name "NATIONWIDE MUTUAL INSURANCE COMPANY v. RICHARD L. ECKMAN, et al."

At the present time all parties, including the claimants and stakeholders, have agreed to the portion of the $600,000 that the Eckmans should receive. The parties have not yet finalized the settlement, however, because plaintiff Nationwide has refused to sign the settlement agreement unless all parties consent to release Nationwide's insured, McNally, from further liability.

## I. Nationwide's Interest in the Deposited Money

The Eckmans, in essence, want this Court to hold that Nationwide is not an essential party to the settlement agreement, and consequently, the agreement is enforceable without Nationwide's approval. The Eckmans' position is that once Nationwide deposited the stake with this Court, it forfeited or waived any interest it may have had in that money.

Eckmans' position is in error. A plaintiff who brings an interpleader action pursuant to 28 U.S.C. § 1335 can deposit a stake "without waiving his contention that he is not liable to any of the claimants, or that he is not liable for the full amount demanded and paid into the court." 7 Wright & Miller, *Federal Practice and Procedure,* § 1716, p. 460 (1972); *See MFA Mutual Insurance Company v. Lusby,* 295 F.Supp. 660, 664 (W.D.Va.1969) (plaintiff allowed under 28 U.S.C. § 1335 to bring interpleader action while continuing to contend that he is not liable to defendants). Therefore, if a plaintiff interpleader still contends that he is not liable to the defendants for the amount deposited with the Court, he remains interested in the fund and still a party to the lawsuit.[2]

Since an interpleading party does not automatically waive its interest in the deposited money, this Court must make its own determination whether the stakeholder still retains an interest. If this Court determines that the stakeholder is not interested—that he is a disinterested stakeholder—the plaintiff may be dismissed from the action. 28 U.S.C. § 2361 (1978); 7 Wright & Miller, *Federal Practice and Procedure,* § 1716, pp. 460–61 (1972); Local Rules of Civil Practice for the United States District Court for the district of Delaware, L.R. 7.1; *Rosenberger v. Northwestern Mutual Life*

---

**2.** Nationwide possibly could have claimed that their insured's liability to the extent of the $300,000 deposited has not yet been proven by any of the claimants. Although one of the defendants in the interpleader suit, the Eckmans, have been awarded a $3.25 million dollar judgment in Delaware Superior Court, that award has been appealed and is not final. Therefore, it is arguable that because there is no final liquidated judgment levied against Nationwide, or its insured, in excess of $300,000, Nationwide could still contend it was not liable to the claimants for the amount deposited with the Court. Consequently, Nationwide could have argued that its interest in the money remained until the state judgment was finalized and they were definitely liable for at least $300,000. Nationwide, however, does not make this contention and therefore this Court will not comment on its merit.

*Ins. Co.,* 176 F.Supp. 379, 384 (D.C.Kan. 1959) (when insurance company is disinterested stakeholder, it should be discharged from case). If the plaintiff Nationwide is dismissed from this action, it clearly would not be an essential party to the settlement agreement. Therefore, if Nationwide is dismissed as a disinterested party, the settlement agreement may be enforced even though Nationwide has not signed it. To determine whether Nationwide is disinterested and thereby subject to dismissal, this Court will look towards the arguments presented by Nationwide.

II. *Nationwide's Claim to Attorney's Fees*

Nationwide has conceded that it has no interest in the money deposited with this Court except its interest in attorneys' fees. First, this Court is of the opinion that the plaintiff attorneys' interest in attorneys' fees does not make the interpleading plaintiff interested in the deposited stake. Second, this Court concludes that even if an interest in attorneys' fees manifests an interest in the stake, Nationwide's attorneys are not entitled to attorneys' fees.

Nationwide apparently argues that because it is entitled to attorneys' fees, it has an interest in the stake. This argument is unsupportable. In order to understand the error in Nationwide's position, one need only look at the facts in this case. Nationwide admits liability of $300,000 due to the negligence of its insured. This is the $300,000 presently deposited with the Court. If Nationwide's attorneys were to win a motion for attorneys' fees, Nationwide still would not have a claim for any of the $300,000—none of the $300,000 would return to Nationwide.[3] Whether Nationwide wins or loses the attorneys' fees issue, it retains no interest in the $300,000 deposited with this Court because Nationwide has conceded that this money belongs to the claimants. Nationwide's interest in the stake, i.e., its interest in the $300,000 remains the same whether Nationwide's attorneys are awarded fees or not. The issue of attorneys' fees is a totally distinct issue.

Even assuming that this were not the case, it is clear to this Court that Nationwide's attorneys are not entitled to attorneys' fees and, therefore, Eckmans' motion for summary judgment should be granted. In an interpleader action, the Court has discretion in awarding attorneys' fees to the stakeholder. *Gulf Oil Corp. v. Olivier,* 412 F.2d 938, 946 (5th Cir.1969); *Travelers Indemnity Co. v. Israel,* 354 F.2d 488, 490 (2d Cir.1965). While often times a disinterested stakeholder will be able to collect fees if he has admitted liability, 7 Wright & Miller, *Federal Practice and Procedure,* § 1719, p. 480 (1972); 3 Moore, *Federal Practice,* § 22.16(a), p. 166, the Court feels that in the present case, Nationwide should not so benefit.

First, Nationwide did not file its interpleader action until April, 1982, eighteen months after the accident and subsequent to the filing of numerous suits and extensive discovery. Such a delay is a ground for denying attorneys' fees. *New York Life Ins. Co. v. Bidoggia,* 15 F.2d 126, 127 (D.Idaho 1926); *John Hancock Mutual Life Ins. Co. v. Doran,* 138 F.Supp. 47, 49–50 (S.D.N.Y.1956).

Second, Nationwide's attorneys have not acted the part of disinterested stakeholders. Their actions in attempting to secure McNally's release from liability, while arguably within their rights, has caused a delay in the distribution of funds. As opposed to simply depositing the money and allowing the claimants to divide up the funds, Nationwide has imposed its presence in every facet of the negotiations.

In total, it is the Court's view that Nationwide's attorneys are not entitled to attorneys' fees. Eckmans' Motion for Summary Judgment to deny Nationwide attorneys' fees is granted.

Therefore, even accepting Nationwide's unsupported argument that an interest in attorneys' fees demonstrates an interest in the stake, Nationwide, because it is not entitled to attorneys' fees, is not interested

---

**3.** Conversely, if Nationwide were to lose its motion for attorneys' fees, it would have to pay the $300,000 plus the cost of legal counsel. In either case, Nationwide will pay at least $300,000.

in the stake deposited in the Court. The Court, therefore, dismisses Nationwide from the interpleader action because it is disinterested stakeholder. Also, because American Casualty, the other plaintiff interpleader, has agreed to "piggyback" on Nationwide's representations, the Court also dismisses American Casualty on these same grounds.

An order dismissing Nationwide and American Casualty from this action will be entered in accordance with this Opinion.