In re OEM INDUSTRIAL
CORPORATION,
Debtor.

AEG WESTINGHOUSE TRANSPORTA-
TION SYSTEMS, INC., Plaintiff,

v.

OEM INDUSTRIAL CORPORATION,
Birmingham Square, and National
Factoring Services, Inc., Defendants.

Bankruptcy No. 90–03906 JKF.
Adv. No. 91–0228.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 17, 1991.

Marty Young Brown, Pittsburgh, Pa., for AEG Westinghouse Transp. Systems, Inc.

Robert K. Hirsch, Denver, Colo., for Nat. Factoring Services, Inc.

Michael Markowitz, Pittsburgh, Pa., for Birmingham Square.

Gary W. Short, Pittsburgh, Pa., for OEM Indus. Corp.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court, a motion to award costs and attorneys' fees to AEG Westinghouse Transportation Systems, Inc. (hereafter AEG), the plaintiff in an action for interpleader, has been submitted to the court on the pleadings and briefs. The pleadings establish that OEM Industrial Corporation (hereafter Debtor), Birmingham Square and National Factoring Services, Inc., assert an interest in certain funds owed by AEG to Debtor for the purchase of equipment.

The only issues currently presented are whether AEG is entitled to costs and attorneys' fees which arose out of the dispute and the interpleader action and whether these sums may be deducted from the funds which AEG has interpleaded with the clerk of court. We hold that AEG is entitled only to those costs and attorneys' fees established to be directly attributable to the filing and prosecution of the interplead-

er action. We will award $120.00 in costs representing the filing fee for the adversary and $1,000.00 in attorneys' fees to AEG.

## Background

The pleadings establish the following facts which, for purposes of this motion only, are not materially disputed. AEG purchased equipment from Debtor and, as a result, owed Debtor $15,785.55. Thereafter, on December 11, 1990, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

Birmingham Square holds a judgment obtained in the Court of Common Pleas of Allegheny County, Pennsylvania, against Debtor in the amount of $106,090.40. The judgment is dated August 6, 1988. On December 4, 1990, one week prior to the filing of Debtor's Chapter 11 petition, Birmingham Square garnished AEG in connection with the execution of its judgment. National Factoring Services (hereafter NFS) also claims legal title to the funds based on a prepetition factoring agreement with Debtor. NFS sued AEG prepetition in a Colorado state court. NFS subsequently dismissed its suit voluntarily without prejudice, but notified AEG that it would reinstitute suit if it did not recover the funds through the personal guaranty of Debtor's president. Before the bankruptcy AEG routinely forwarded payments to NFS owed to Debtor in consequence of the factoring agreement that existed between Debtor and NFS. However, Debtor avers that the money is estate property and that NFS has an unperfected security interest in the funds.[1]

Four and one-half months after the bankruptcy was filed AEG brought this action in interpleader pursuant to Fed.Rule Bankr.Pro. 7022, 11 U.S.C., and Fed.Rule Civ.Pro. 22(1), 28 U.S.C., to determine the proper recipient of the fund. AEG requests fees and costs in the amount of $12,938.62. This amount includes all fees and costs associated with the Pennsylvania

garnishment and Colorado state court actions.

On June 12, 1991, this court entered an order requiring AEG to pay into court $16,-319.35, consisting of the $15,785.55 at issue plus accrued interest. Pursuant to AEG's request we also temporarily enjoined all suits against AEG on account of or in connection with the interpleaded funds until a determination is made as to whom the funds will be disbursed. The order also discharged AEG's liability stemming from its withholding of funds and dismissed AEG from the action with prejudice, except for the prosecution of this motion concerning its fee petition.

## Discussion

 It is well settled that federal courts may award reasonable costs and attorneys' fees to the plaintiff in an interpleader action. *Shrepic v. Metropolitan Life Ins. Co.*, 120 F.Supp. 650, 651 (W.D.Pa.1954) (citations omitted). "The decision whether to award costs and attorneys' fees to the stakeholder in an interpleader action is committed to the sound discretion of the trial court." *Mutual of Omaha Ins. Co. v. Dolby*, 531 F.Supp. 511, 516 (E.D.Pa.1982) (citations omitted); *In re Temp–Way Corp.*, 80 B.R. 699, 705 (E.D.Pa.1987). Courts may award costs and attorneys' fees out of the deposited fund to stakeholders because their involvement in the suit usually results not from any transgression or chicanery on their behalf but because they are the innocent target in a dispute not of their own making. *Temp–Way*, 80 B.R. at 705, *quoting* 3A J. MOORE, FEDERAL PRACTICE, ¶ 22.-16[2] at 22–173 (2d ed. 1987).

 In order to determine whether to award counsel fees and costs, the court must consider whether the award is appropriate under the circumstances of the case, *Dolby*, 531 F.Supp. at 516, including the diligence of the party bringing the action. *See John Hancock Mutual Life Ins. Co. v. Doran*, 138 F.Supp. 47, 49 (S.D.N.Y.1956).

---

1. Debtor's request at Adversary 91–0285 to avoid NFS's unperfected security interest was granted by default on June 26, 1991.

Furthermore, because the award is taken out of the deposited fund, the court must balance the right of the stakeholder to recover its fees and costs against the true beneficiary's right to the full amount of the interpleaded fund. *Temp–Way,* 80 B.R. at 706.

 Herein, AEG asks that over seventy-five percent of the balance of the deposited fund be remitted to cover its costs and attorneys' fees. Awards of costs and attorneys' fees in interpleader are nominal in most instances because generally all that is required of the stakeholder is the preparation of the petition, the deposit of the funds into court, service on claimants and the preparation of an order discharging the stakeholder from liability. *See John Hancock Mutual Life Ins. Co. v. Doran,* 138 F.Supp. 47, 50 at n. 2 (S.D.N.Y.1956) (awards of counsel fees to stakeholders should be small because of, *inter alia,* minimal work necessary to institute an interpleader suit). *See also Temp–Way,* 80 B.R. at 705. As the court observed in *Temp–Way:*

> Under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel. The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and of procuring an order of discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest.[2]

*Id.* at 706 (*quoting Hunter v. Federal Life Ins. Co.,* 111 F.2d 551, 557 (8th Cir.1940)). Furthermore, no recovery is granted for attorneys' fees incurred primarily in pursuit of attorneys' fees because of the serious risk of depletion of the interpleaded fund. The stakeholder's right to recover its fees must be balanced against the true beneficiary's right to the full amount of the interpleaded fund. *Id.* Moreover, the fees awarded must represent "a reasonable allocation for that part of the services of its counsel which was a proper charge against the interpleaded fund" excluding services not connected with the interpleader. *Hartford Fire Ins. Co. v. Professional Men's Investment, Inc.,* 337 F.2d 1011, 1012 (3d Cir.1964). Here we have a stakeholder who argues that due to the cases in two state courts regarding the disputed funds, it should be awarded costs and attorneys' fees that are astronomical in comparison to both the usual modest fee awards and to the size of this interpleaded fund.

 Furthermore, where the stakeholder has been dilatory in seeking judicial relief, and is thus culpable as to the difficulties encountered, an award may be denied. *See John Hancock Mutual Life Ins. Co. v. Doran,* 138 F.Supp. at 49 ("within one month after ... realizing its predicament, [stakeholder] should have decided on a cause of action"). In the instant case, AEG did not seek to interplead for several months after the bankruptcy was filed. Although the parties were attempting to work out a settlement during this time, AEG was aware of all claims against it even before the bankruptcy was filed. The interpleader cause of action is designed specifically to limit a stakeholder's exposure to liability. Prompt action by AEG to interplead the funds would have avoided most of the costs and fees it now seeks to recover which are associated with the suits in the Pennsylvania and Colorado state courts. AEG's failure to avail itself of this remedy in a timely fashion should not inure to the detriment of the ultimate beneficiary of the fund. Therefore, the claim for costs and attorneys' fees in connection with both state court proceedings will be denied.

2. In *Temp–Way,* the Bankruptcy Court for the Eastern District of Pennsylvania awarded the stakeholder $460.00 for four hours of attorney's time at the rate of $115.00 an hour, after the stakeholder had requested $2,645.00 and the deposited funds equaled $34,500.00. 80 B.R. 699 (Bankr.E.D.Pa.1987).

Fees for professionals ranged from $35.00 per hour to $200.00 per hour for all services rendered. We find that preparation and prosecution of the interpleader action was a relatively simple and routine matter and we will permit an hourly fee of $100.00 for all compensable services rendered in connection with the interpleader action. Because this interpleader was not a complicated matter, inter-office charges for conferences are denied. These charges also are denied because we find that there was an excessive number of them.

AEG filed a fee petition and a supplement to it which seek fees for over six hours of research and over fifteen hours to prepare and review the interpleader complaint and an amendment thereto. We find these claims to be excessive and will award compensation for three hours of research, four hours for pleading preparation and review and two hours for amending the interpleader complaint. We also will allow fees for one hour court time. All other claims for compensation are denied either because they are for clerical work, are unrelated to the interpleader, were occasioned by AEG's delay or involved an excessive amount of time, including time spent on inter-office communications.

In both its complaint and amended complaint, AEG seeks reimbursement for expenses for computerized legal research, telecopying, photocopying, long distance telephone calls, messenger fees and clerical work. None of these costs have been shown to be reasonable and necessary to the preparation, filing and prosecution of the interpleader action. Furthermore, charges for clerical work such as filing with the Clerk of the Bankruptcy Court, reviewing dockets, and organization of files are part of overhead and are not compensable.

AEG will be reimbursed the $120.00 interpleader filing fee. Charges for photocopies, telecopies and other expenses are denied inasmuch as those related to the interpleader alone are not itemized and therefore are not shown to be reasonable and necessary. Many appear to be related to the state court actions for which compensation is denied. We note that the total charge for photocopies alone is well over $100.00, an excessive amount for this case. It is the applicant's burden to prove entitlement to payment. *In re Bonds Lucky Foods, Inc., No. 1*, 76 B.R. 664, 666 (Bankr.E.D.Ark.1986). Uncertainties in a fee application due to nonspecific entries are resolved against the applicant. *See In re General Oil Distributors, Inc.*, 51 B.R. 794, 798 (Bankr.E.D.N.Y.1985).

An appropriate order will be entered.

### ORDER

And now, to-wit, this 17th day of December, 1991, for the reasons set forth in the foregoing Memorandum Opinion, it is ORDERED that AEG Westinghouse Transportation Systems, Inc., is awarded costs of $120.00 and attorney's fees of $1,000.00 for services rendered in connection with the interpleader action at the above-captioned number. The Clerk shall pay over to AEG Westinghouse Transportation Systems, Inc., the sum of $1,120.00 from the interpleaded funds within thirty (30) days after this Order becomes final.