**PROGRESSIVE INSURANCE COMPANY (PAGO PAGO) LTD.**
**Plaintiff,**

**v.**

**SOUTHERN STAR INTERNATIONAL, INC. dba HONG KONG RESTAURANT, TUTUILA INT'L, INC., NTV ELECTRONICS, INC., KENNY AND HELEN YOUNG, AINOAMA FATA dba NOFO'S STORE, CHIEF FALEMALAMA L. VAESAU, and DOES I-V, Defendants.**

High Court of American Samoa
Trial Division

CA No. 129-99

April 7, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
For Defendants Southern Star International, Inc. dba Hong Kong Restaurant, and Kenny and Helen Young, Paul F. Miller

For Defendant Tutuila International, Inc., unrepresented
For Defendant NTV Electronics, Inc., unrepresented
For Defendant Ainoama Fata dba Nofo's Store, Katopau T. Ainu`u
For Defendant Chief Falemalama L. Vaesau, *pro se*

ORDER ON INTERPLEADER, DENYING PLAINTIFF'S
MOTION TO BE DISCHARGED, DENYING DEFENDANTS'
MOTION TO DISMISS, DENYING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT,
AND DISMISSING DEFENDANT FALEMALAMA

On December 8, 1999, Progressive Insurance Company (Pago Pago) Limited ("Progressive") filed a claim for interpleader under T.C.R.C.P. 22. Defendants Southern Star International, Inc. dba Hong Kong Restaurant ("SSI") and Kenny and Helen Young ("the Youngs") have counterclaimed, alleging a *statutory claim*, breach of contract, indemnification, and breach of the duty of good faith.

This litigation has, in the short span of a few months, already become a tangled mess of motions and cross motions. Four motions are presently before the Court: (1) SSI and the Youngs moved to dismiss on December 30, 1999; (2) Progressive moved for a protective order, or alternatively for a motion for discovery conference, under T.C.R.C.P. 26(c) and (f), on January 12, 2000; (3) SSI and the Youngs moved for partial summary judgment and moved to dismiss on January 19, 2000; and (4) SSI and the Youngs filed a motion to compel answers to interrogatories and production of documents on February 16, 2000.

Defendants SSI and the Youngs have also filed an affidavit in support of sanctions pursuant to T.C.R.C.P. 37(g), but they have not filed either a motion for sanctions or a memorandum supporting such a motion. There is therefore not a motion for sanctions before the Court at the present time.

## I. Determination of the Propriety of Interpleader: First Stage of Interpleader Proceeding

Interpleader is a two-stage proceeding. In the first stage, the court determines whether the requirements for interpleader have been met. If the court finds that interpleader is proper, the merits are then considered in the second stage. *Mid-American Indem. Co. v. McMahan*, 666 F. Supp. 926, 928 (S.D. Miss. 1987); 4 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 22.01 (2d ed. 1985). Therefore, before the Court may address the substantive issues in the case, it must determine whether interpleader is appropriate in the present case.

The propriety of interpleader is often determined in conjunction with a motion such as a summary judgment motion. 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1714 (2d ed. 1987). Defendants SSI and the Youngs have filed motions to dismiss and a motion for partial summary judgment, and all parties have been given the opportunity to respond.

A party attempting to interplead must have a legitimate fear of multiple liability or litigation. T.C.R.C.P. 22. The claim must also be adverse both to the stake and to each other. *See State Farm Fire and Cas. Co. v. Tashire*, 386 U.S. 523, 526 (1967). Progressive claims it cannot distribute the $64,300 it admits it owes pursuant to the policy due to fear of liability from multiple claimants. According to SSI and the Youngs, SSI, the Youngs, and Ainoama Fata have agreed that SSI is to receive $15,000 and Fata shall receive the remainder of the $64,300. (Br. in Supp. of Partial Summ. J. 4.) However, Fata has stated that there is presently no valid agreement. (Aff. in Opp'n to Mot. for Partial Summ. J.)[1] Based on the potential of conflicting claims by SSI and the Youngs

---

1 SSI and the Youngs have moved to strike Fata's affidavit because it is not based on personal knowledge and because it was not timely filed. We find no reason to strike the affidavit. While parts of the affidavit may not be based on personal knowledge, Fata's statement that she has not entered into an agreement with the other parties certainly is, and it is relevant to our enquiry. Furthermore, while parties adverse to a motion for summary judgment may only file affidavits prior to the day of hearing, T.C.R.C.P. 56(c), and Fata's affidavit was filed on March 10, 2000, the same day of the hearing, Fata's counsel informed the court that he was not informed that the hearing was on the motion for summary judgment. In light of this fact, and because the purpose of summary judgment proceedings is to "assess the proof in order to see whether

and Fata, Progressive's fear of multiple liability is justified. Furthermore, the total amount claimed exceeds the stake. These facts create the required adversity.

The Court sees no problems with other requirements for interpleader. There is no issue as to whether jurisdiction and venue are appropriate. Also, in a claim for rule interpleader under T.C.R.C.P. 22, in contrast to a claim for statutory interpleader under 28 U.S.C. § 1335, the stakeholder is not required to deposit the amount of the fund with the Court. Progressive has nonetheless deposited the amount of its admitted liability, totaling $64,300, with the Court registry on December 10, 1999.

■ Interpleader promotes judicial efficiency and fairness to parties by avoiding multiple litigation and inconsistent adjudications, and should be liberally granted. *Texas v. Florida*, 306 U.S. 398, 407 (1939); *Ashton v. Josephine Bay Paul and C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1069 (2d Cir. 1990). Progressive has met its burden of showing that it has met the requirements for interpleader, and the Court deems interpleader appropriate in this case.

■ Progressive has requested that it be dismissed from the case after it paid $64,300 into the Court registry. The Court may discharge the stakeholder if the stakeholder is disinterested. *Nationwide Mut. Ins. Co. v. Eckman*, 555 F. Supp. 775, 777 (D. Del. 1983). Progressive is disinterested in $64,300, the amount Progressive deposited with the Court and for which it admitted liability. However, SSI and the Youngs assert in their counterclaim that Progressive has an obligation to pay greater than this amount. Dismissal of a stakeholder is improper when an interpleading plaintiff disputes its liability to the insured for an additional sum as demanded in a counterclaim. *Eckman*, 555 F. Supp. at 778. Dismissal is therefore inappropriate.

In sum, the Court finds that interpleader is proper. However, the Court denies Progressive's request for discharge from the case.

## II. Defendants' Motions to Dismiss and Motion for Summary Judgment

SSI and the Youngs filed a motion to dismiss on December 30, 1999, for

---

there is a genuine need for trial", T.C.R.C.P. 56(e) Advisory Committee Notes, the court finds that striking Fata's affidavit based on a one- day delay would be an unduly harsh measure.

failure to state a claim under T.C.R.C.P. 12(b)(6). Defendants state that plaintiffs ask to be absolved of all liability but have neither attached the policy nor interpleaded the policy, and state that there is no recognized theory of law for plaintiff's requested relief without performance. Defendants cite no authority, as they are required to do by T.C.R.C.P. 7(b), in support of their position that a party seeking interpleader is required to perform these acts in order to maintain a complaint. As the Court has previously stated, "[t]his court is not paid to be an advocate for either side, nor to do legal research that should be done by the attorneys, nor to guess at or construct [either party's] legal theory. . . ." *G.M. Meredith and Assoc. v. Blue Pac. Mgmt. Corp.*, 28 A.S.R.2d 204, 206 (Trial Div. 1995). Defendants' motion to dismiss is denied.

On January 19, 2000, SSI and the Youngs filed a motion for summary judgment and another motion to dismiss the complaint regarding the $64,300 interpleaded amount. Summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The court must view the pleadings and supporting papers in the light most favorable to the non-moving party. *Amerika Samoa Bank v. United Parcel Serv.*, 25 A.S.R.2d 159, 161 (Trial Div. 1994); *Ah Mai v. Am. Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

For the reasons discussed above with regard to the propriety of interpleader, summary judgment is inappropriate. SSI and the Youngs have claims adverse to those of Fata. The parties have not come to an agreement on distribution of the fund, and it is unclear which party or parties is entitled to the interpleaded amount. Furthermore, SSI and the Youngs have failed to show that Tutuila International, Inc. ("TI") or NTV Electronics ("NTV") have denied interest in the building or the claim. Despite SSI and the Young's statement that these parties have disclaimed any interest, (Br. in Supp. of Partial Summ. J. 3), the Court cannot find any statement by TI or NTV that they have no interest in the insurance proceeds. TII and NTV have not made appearances in this case, possibly indicating that have no interest in the claim. However, their failure to appear is not, at this time, conclusive in this regard.

SSI's and the Young's motion for partial summary judgment and motion to dismiss are denied.

### III. Motions Surrounding Discovery

The Court has scheduled a hearing for April 24, 2000, on Progressive's motion for a protective order. Progressive's motion, which was renewed on March 24, 2000 in conjunction with a motion for sanctions, in essence requests that the Court stop or limit discovery. The hearing will necessarily entail discussion of the issues surrounding SSI's and the

Youngs' discovery requests that were dated December 10, 1999, and served on December 13, 1999. It will also relate to the motion that SSI and the Youngs filed on February 16, 2000, in which they moved to compel answers to interrogatories and production of documents.

The Court therefore reserves judgment on these motions until after hearing oral arguments on April 24.

## IV. Chief Falemalama L. Vaesau's Request For Dismissal

■ Defendant Chief Falemalama L. Vaesau has stated that he is the communal owner of the land on which the building in Nu`uuli sat. In his answer to the complaint on December 27, 1999, however, he disclaimed any interest in the proceeds of Progressive's insurance policy and requested that the Court dismiss him as a party to the case. Under T.C.R.C.P. 22, "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead. . . ." Having asserted no claim against Progressive, Chief Falemalama L. Vaesau is not a proper party defendant in this case. Defendant Chief Falemalama L. Vaesau is therefore dismissed from the case.

It is so ordered.